WENTZELL, APPELLANT, *v.* COLUMBUS BOLT & FORGING CO. ET AL., APPELLEES.

(No. 6536—Decided February 21, 1961.)

*Messrs. Schwenker, Teaford, Brothers & Bernard,* for appellant.

*Mr. Joseph M. Millious,* for appellee Columbus Bolt & Forging Company.

*Mr. Mark McElroy,* attorney general, *Mr. William G. Carpenter* and *Mr. Paul A. Pachuta,* for appellee James L. Young, Admr., Bureau of Workmen's Compensation.

DUFFY, J.. The plaintiff, appellant herein, was injured while employed by the Columbus Bolt & Forging Company on April 10, 1953. He filed a claim under the Workmen's Compensation Law and received the statutory maximum for a total disability and for a temporary partial disability. On July 2, 1959, he

filed a motion with the Industrial Commission of Ohio asking that he be declared permanently and totally disabled,¯ and be compensated on that basis. The Industrial Commission issued the following order on October 27, 1959:

"That the commission finds from proof of record that the claimant [plaintiff-appellant] *is permanently and totally disabled* but that said disability is *largely* due to advanced age and *not the result of the injury* and that the claimant has suffered no disability related to or the result of the injury in excess of that for which he has been heretofore compensated; that claimant's motion filed July 2, 1959 be allowed to the extent of this order." (Emphasis ours.)

The plaintiff then appealed to the Court of Common Pleas where the employer and the Administrator of the Bureau of Workmen's Compensation filed demurrers to the petition, claiming that the appeal was one "as to the extent of disability" and could not be entertained by the Common Pleas Court under provisions of Section 4123.519, Revised Code. The Court of Common Pleas sustained the demurrers, the judge stating in his opinion that "The petition shows that the attempted appeal to this court is from a decision of the Industrial Commission 'as to the extent of disability.'"

The plaintiff not desiring to plead further, the court entered judgment for the defendants, and the plaintiff has appealed to this court.

The employer has cited in support of its contention, that the order of the Industrial Commission was not appealable to the Common Pleas Court, decisions rendered in the cases of *Noggle* v. *Industrial Commission*, 129 Ohio St., 495, 196 N. E., 377; and *Stoich* v. *Truscon Steel Div.*, 77 Ohio Law Abs., 111, 147 N. E. (2d), 861. (In the latter case the motion to certify, filed in the Supreme Court of Ohio, was overruled.)

It is noted that in the cases cited the orders of the Industrial Commission found that the claimants were not permanently and totally disabled and were not appealable to the Court of Common Pleas. We find no reason to disagree with the cases cited. However, in the case before us the Industrial Commission did not deny that the claimant was permanently and totally disabled, but rather found that he was permanently and total-

ly disabled, and further found that not all of his disability was the result of the injury; or, in other words, it denied jurisdiction to grant the claimant the right to continue to receive compensation, and made the claim appealable to the Court of Common Pleas.

The extent of disability in this claim is not at issue, but what is at issue is the question of whether the permanent and total disability' found by the commission is the result of the injury.

Surely the Legislature had this situation in mind in enacting Section 4123.519, Revised Code, because they state therein as follows:

"* * * The court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate *or to continue to participate* in the fund upon the evidence adduced at the hearing of such action." (Emphasis ours.)

See *Carpenter* v. *Scanlon, Admr., Bureau of Workmen's Compensation*, 168 Ohio St., 139, 151 N. E. (2d), 561, which is an interpretation of this section, as amended, and holds that a finding by the Industrial Commission that claimant's condition was not a disability resulting from the injury was a denial of the claim on a jurisdictional ground going to the basis of claimant's right; and that Section 4123.519, Revised Code, authorized an appeal to the court from such a decision of the commission.

The plaintiff contends also that his rights were preserved under the provisions of the Workmen's Compensation Law which were in effect at the time of his injury, and which would still give him a right of appeal to the court in this action; but having decided the right to appeal to the court is present under the existing law, we do not need to decide his rights under the prior law.

The judgment of the Court of Common Pleas will be, and hereby is, reversed, and the cause remanded with instructions to overrule the demurrer, and for further proceedings according to law.

*Judgment reversed.*

DUFFEY, P. J., and BRYANT, J., concur.