KEELS, APPELLEE, *v.* CHAPIN & CHAPIN, INC., APPELLANT, ET AL.

[Cite as Keels v. Chapin & Chapin, Inc., 5 Ohio St. 2d 112.]

(No. 39271—Decided February 16, 1966.)

*Messrs. Riley & Riley, Mr. James C. Riley* and *Mr. Thomas J. Zuber*, for appellee.

*Messrs. Dunbar, Kienzle & Murphey* and *Mr. David J. Young*, for appellant.

HERBERT, J. The petition alleges an "injury" to plaintiff "resulting in permanent disability" and "sustained in the course of and arising out of his employment." Both the administrator and the Board of Review carefully differentiate between "any disability" and a "disability as a result of the accidental occurrence."

In *Carpenter* v. *Scanlon, Admr.*, 168 Ohio St. 139, the Administrator of the Bureau of Workmen's Compensation denied that the claimant's generalized arthritic involvement was the result of or related to an injury. The claimant asserted that it was. The Board of Review in its order found that "the arthritic condition is not related to injury." In the case at bar, there is a serious spinal injury which the administrator and the Board of Review contend is not the result of the accidental occurrence. The claimant says that it is. At page 140, in *Carpenter*, in a *per curiam* opinion of a unanimous court, it is said that:

"The finding of the administrator that 'the claimant's generalized arthritic involvement is not related to or the result of the injury in this claim, and, therefore, payment of compensation or for medical services for the treatment of said condition is not authorized' is clearly not 'a decision as to the extent of the disability' but rather a finding that the arthritic condition of the claimant was not a disability arising from the injury— an absolute denial of the claim on a jurisdictional ground going

to the basis of claimant's right. From such a decision an appeal is authorized by * * *'' Section 4123.519, Revised Code.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

MATTHIAS, J., dissenting. The single issue presented in this case is whether the determination of the administrator is one involving the extent of disability, from which appeal is precluded by statute.

This court has held, in *Szekely* v. *Young, Admr.* (1963), 174 Ohio St. 213, and it is well settled, that:

"The only right of appeal to a court with respect to a claim for workmen's compensation is such as may be provided for by statute. *Industrial Commission* v. *Monroe* (1924), 111 Ohio St. 812, 146 N. E. 213.

"The only statute providing for an appeal to the Common Pleas Court with respect to a claim for workmen's compensation is Section 4123.519, Revised Code, which reads, so far as pertinent:

" 'The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, *other than a decision as to the extent of disability*, to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state.' " (Emphasis added.)

Thus it becomes obvious that, on appeal to the Court of Common Pleas, "the sole question for the court, or a jury if demanded, is the determination of the right of the claimant to participate or to continue to participate in the State Insurance Fund, upon the evidence adduced at the hearing in the court." *State, ex rel. Federated Department Stores, Inc.,* v. *Brown* (1956), 165 Ohio St. 521, 525.

Neither the court nor the jury has the power to determine the amount of compensation. "In the event plaintiff's right to participate is established in such case, the Industrial Com-

mission has exclusive jurisdiction to determine, under the Workmen's Compensation Act, the extent of such participation." *Brecount* v. *Procter & Gamble Co.* (1957), 166 Ohio St. 477, paragraph two of the syllabus.

In the instant case, the order of the administrator has clearly allowed plaintiff's claim and determined that the claimant has a right to participate in the State Insurance Fund. A determination that a claimant is entitled to participate in the State Insurance Fund constitutes only a finding that the claimant was injured in an accident which arose out of and in the course of his employment. It does not constitute a finding that the claimant is necessarily entitled to compensation. The right to compensation accrues only if the claimant can establish that he has incurred medical expenses or that he suffers a disability as a result of the injury. That being so, there is nothing left but a determination of extent of disability; a determination that is solely within the jurisdiction of the Industrial Commission. By the order of November 1, 1962, the administrator has determined that *"proof on file does not substantiate any disability as the result of the accidental occurrence previously recognized herein."* This is obviously a finding as to the extent of disability of zero per cent, and an appeal on this finding is precluded by Section 4123.519, Revised Code.

The majority relies heavily upon *Carpenter* v. *Scanlon, Admr.* (1958), 168 Ohio St. 139. However, the Common Pleas Court in the instant case stated as follows:

*"The only legitimate source for a determination of the appealability of the order of the regional board is in the wording of the order reflecting the finding.* In examining the order of the board in this case, this court would conclude that the board found no disability in this case of any nature. If this is so, we cannot see how a causation factor is injected into the finding. *Had a disability been found, but that it was not a result of the accidental occurrence, a different situation would be presented.*

*"In an examination of the orders of the commission which the courts have held appealable, it will be observed the causation factor was inserted by the order itself.* The following are illustrative of this principal.

" 'The claimant's generalized arthritic involvement is not related to or the result of the injury in this claim, and therefore, payment of compensation or for medical services for the treatment of said condition is not authorized.' *Carpenter* v. *Scanlon, supra.*

" 'That the commission finds from proof of record that the claimant is permanently and totally disabled but that said disability is largely due to the advanced age and not the result of the injury.' *Wentzell* v. *Columbus Bolt & Forging Co., supra* [112 Ohio App. 552].

" * * *

"We conclude that the order in question was not a denial of the claim of the plaintiff on any jurisdictional ground, but rather, it was denial on a disputed question of disability. The matter was resolved by a finding of no disability. This being so and the commission having final jurisdiction, this court does not feel this appeal is proper and should be dismissed." (Emphasis added.)

It is interesting to note that if an appeal were allowed, the court, or a jury if requested, could do no more than that which the administrator has already done, namely, allow the claim and determine that the claimant has a right to participate in the State Insurance Fund. Upon remand to the administrator, the finding as to the extent of disability would remain the same. In short, even if the applicable statute did not preclude appeal, the result would not vary.

Further, Section 4123.52, Revised Code, provides for a continuing jurisdiction in the Industrial Commission. Plaintiff may at any time within ten years of his injury petition the commission for a modification of its order.

The judgment of the Court of Appeals should, therefore, be reversed, and the judgment of the Court of Common Pleas that the Industrial Commission has exclusive jurisdiction should be affirmed.