Rummel, Appellee, v. Flowers, Admr., Bureau of Workmen's Compensation; Continental Can Co., Appellant.

[Cite as Rummel v. Flowers (1972), 28 Ohio St. 2d 230.]

(No. 71-90—Decided January 5, 1972.)

*Messrs. Clayman, Jaffy & Taylor* and *Mr. Stewart R. Jaffy,* for appellee..

*Mr. Jack L. Johnson,* for appellant.

STEPHENSON, J.  R. C. 4123.519 provides in part:

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas * * *."

The pivotal question presented in this appeal is whether the decision of the administrator, affirmed by the Regional Board of Review, was a decision "other than a decision as to the extent of disability," and hence appealable to the Common Pleas Court by virtue of the above-cited section.

Two basic principles of law enunciated by this court in its decisions interpreting the above-cited section con-

trol, and are dispositive of this appeal. The first is that if the decision appealed from is, as stated in *Carpenter* v. *Scanlon* (1958), 168 Ohio St. 139, "an absolute denial of the claim on a jurisdictional ground going to the basis of claimant's right" to participate or, as stated in *State, ex rel. Mansour,* v. *Indus. Comm.* (1969), 19 Ohio St. 2d 94, and *Reeves* v. *Flowers* (1971), 27 Ohio St. 2d 40, a denial that is absolute going to the basis of claimant's right, the order is one "other than a decision as to extent of disability" and appealable. *State, ex rel. Campbell,* v. *Indus. Comm.* (1971), 28 Ohio St. 2d 154.

A denial is on a "jurisdictional basis" when the commission determines that it has no jurisdiction over the claim and is, therefore, without authority to award compensation. When such a denial is made, a determination as to the extent of disability is not reached or passed upon. Hence, the order is appealable. For a discussion of the concept of an order denying participation upon a jurisdictional ground see *State, ex rel. DePalo,* v. *Indus. Comm.* (1934), 128 Ohio St. 410, at page 417, interpreting the rehearing procedure of G. C. 1465-90 (R. C. 4123.51), now repealed.

The second controlling principle is that the Workmen's Compensation Act was so structured by the General Assembly to repose in the commission sole and final jurisdiction to determine extent of disability, and thus the the amount of compensation to which a claimant is entitled to under the Act. See the second paragraph of the syllabus in *Brecount* v. *Procter & Gamble* (1957), 166 Ohio St. 477, approving and following *State, ex rel. Kauffman,* v. *Indus. Comm.* (1929), 121 Ohio St. 472, and *Fisher Body Co.* v. *Cheflo* (1930), 122 Ohio St. 142.

The above principles are epitomized in *Valentino* v. *Keller* (1967), 9 Ohio St. 2d 173, wherein it is stated:

"This court has consistently held that on the question of a claimant's right to participate there is a right to appeal from the decision of the Industrial Commission to the Common Pleas Court. Upon the question of extent of dis-

ability there is no right of appeal from the decision of the Industrial Commission to the Common Pleas Court."

An examination of the decision herein, from which the appeal herein was taken to the Court of Common Pleas, discloses that it does no more than adjudicate that the claimant is not totally disabled but temporarily partially disabled and sets forth the amount of compensation. It is readily observable that the decision is not one denying the right to participate on a jurisdictional ground, nor is it a denial going to the basis of claimant's right. Rather than denying participation, it allows participation and awards benefits. Admittedly, it is not a decision continuing the total disability benefits previously awarded and which claimant desires continued, but it is, nevertheless, a decision determining the degree of disability, in this case partial, and allowing participation under the Act to the extent of that partial disability.

In *Noggle* v. *Indus. Comm.* (1935), 129 Ohio St. 495, an appeal to the court was taken by a claimant from an order finding him partially disabled, the claimant contending that the order should have found him totally and permanently disabled. The then statutory law allowed an appeal to the Common Pleas Court only if compensation was denied (1) where the injury was self-inflicted, (2) where the injury did not arise in the course of employment or (3) on any other ground going to the basis of the claimant's right.

In holding that the commission had final jurisdiction to determine extent of disability and that an appeal was precluded, the court stated, in the first paragraph of the syllabus:

"When the Industrial Commission assumes jurisdiction of a disability claim, finds that claimant's disability is but partial, and not total and permanent, and, upon such finding, denies compensation for total and permanent disability, such denial is not made upon a "ground going to the basis of the claimant's right" and is not subject to appeal under the provisions of Section 1465-90, General Code (107

Ohio Laws, 162). (The first paragraph of the syllabus in *Industrial Commission* v. *Link*, 122 Ohio St., 181, is overruled.)''

Since the decision here appealed from allows participation to the extent of disability as determined by the commission, it is a decision as to the extent of disability and not appealable under R. C. 4123.519.

In order to save the judgment, appellee asserts the argument advanced in the courts below and adopted by those courts which is, in substance, that the decision appealed from was, in fact, a *sub silentio* rejection of a conversion reaction disability from which appellee suffers as a result of the accident and the administrator and regional board considered and rejected such disability as unrelated to the accident.

Appellee then cites for support, *Keels* v. *Chapin & Chapin* (1966), 5 Ohio St. 2d 112, a decision wherein an order, providing '' * * * proof on file does not show that the claimant, herein, suffers any disability due to the accidental occurrence for which the claim was allowed,'' was held appealable.

To support the assertion that the claimed conversion reaction disability was before the administrator and rejected, the appellee refers to portions of the record wherein the medical reports of the claimant and bureau physicians are set forth, including a report of claimant's attending physician to the Regional Board of Review that claimant has ''a well marked and conversion hysteria.''

The claimed consideration and rejection, if it exists, must be by implication, since the record reveals that no application for recognition of a conversion reaction disability has ever been filed at the administrative level, nor can appellee point to any order wherein such a claim was allowed, rejected or otherwise dealt with. Even if we were to accept the proposition that the claimed disability was considered and rejected, it does not follow that the order in question is appealable. The reason is simply that since the commission has final jurisdiction to determine the ex-

tent of disability, even if the claimed conversion reaction was considered and rejected, it could as properly be assumed that the commission found that the disability did not exist, which is their sole province, as to assume it exists and was rejected as unrelated to the accident.

We do not, however, accept, but specifically reject, appellee's theory that the order which by its terms passes only upon the question of extent of disability may be construed to embrace an unarticulated rejection of a disability for which no application for compensation has been filed.

"The Industrial Commission, just as a court, speaks through its record." *Simmons* v. *Indus. Comm.* (1938), 134 Ohio St. 456. In *Indus. Comm.* v. *Hogle* (1923), 108 Ohio St. 363, it is provided in the second paragraph of the syllabus:

"The Industrial Commission speaks by its record, and such final action, to be the basis of an appeal, must affirmatively appear upon the record of the proceedings of the commission."

The order herein entered, from which an appeal was sought, adjudicated solely the question of extent of disability arising from the specified injuries recognized and allowed in the original claim. It is incumbent upon a claimant to timely invoke the continuing jurisidiction granted to the commission by R. C. 4123.52 for additional compensation for disability from injuries suffered in an accident and disability which may increase in intensity, or both, and for disability resulting from an injury suffered in the original accident which may be subsequently discovered. See *Kittle* v. *Keller* (1967), 9 Ohio St. 2d 177. Appellee here seeks to by-pass this administrative remedy and substitute judicial recognition of his alleged new disability.

The decision of this court in *Keels* v. *Chapin & Chapin, supra,* adds nothing in support of appellee's contention, since the decision therein ("proof on file does not show that the claimant, herein, suffers any disability due to the accidental occurrence for which the claim was allowed,")

turned upon an imprecisely drawn order which, on its face, was ambiguous. The order was subject to two interpretations: (1) That adopted by Judge Matthias in his dissent, that the commission found the degree of disability to be zero percent or (2) as held by the majority that a disability exists but such disability did not result from the accidental occurrence.

This court resolved the question by an interpretation favorable to the claimant. That decision cannot, however, be interpreted as approving of the type of order there in question. This court has long emphasized the need for preciseness and clarity in findings and orders of the commission in denying compensation, an admonition apparently unheeded when the order in *Keels* was drafted. *Simmons* v. *Indus. Comm.* (1938), 134 Ohio St. 456; *State, ex rel. Bevis,* v. *Coffinberry* (1949), 151 Ohio St. 293.

The difficulties encountered by the bench and bar in determining whether an order is or is not one as to extent of disability would be markedly simplified if, when the order is drafted at the administrative level, the question of whether a disability in fact exists was considered first. If no disability exists, the order should clearly reflect such determination. Such an order would then be final, and not appealable. *State, ex rel. Thompson,* v. *Indus. Comm.* (1941), 138 Ohio St. 439.

If a disability is found to exist, but not to arise from or be related to the injury, the order should so state. That order would clearly be appealable, since it would be a rejection on a jurisdictional ground. If a disability is found to exist which is also found related to the injury, the degree of disability, as determined by the commission, is final and not appealable.

Unlike the order in *Keels,* which by its wording injected a jurisdictional question, the order here is carefully drawn to pass only upon the extent of disability of the claimant and to award compensation.

Inasmuch as the order sought to be appealed from was not a decision "other than a decision as to the extent

of disability," the Court of Common Pleas was without jurisdiction and erred to the prejudice of appellant in overruling the demurrer filed to the petition, and likewise erred in overruling the motion for summary judgment. Therefore, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, WILEY, CORRIGAN and LEACH, JJ., concur.

WILEY, J., of the Sixth Appellate District, sitting for DUNCAN, J. JUDGE WILEY of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE DUNCAN and JUDGE WILEY did so and heard and considered this cause prior to the resignation of JUSTICE DUNCAN on November 28, 1971.

STEPHENSON, J., of the Fourth Appellate District, sitting for STERN, J.