DAVIS, APPELLANT, *v.* CONNOR, ADMR., BUREAU OF WORKERS' COMPENSATION ET AL., APPELLEES.

(No. 46941—Decided December 15, 1983.)

*Mr. Arthur T. Wincek,* for appellant.
*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Timothy Delaney,* for appellee Raymond Connor.
*Mr. Thomas M. Carolin,* for appellee Midland-Ross Corp.

CORRIGAN, P.J. While on his job at the Midland-Ross Corporation in March 1973, appellant Paul Davis crushed his right index finger in an operating press. His injury was described as "a crushing injury of the right first finger with open fracture of the proximal phalanx, division of sublimus and profundus tendons; disruption of digital nerves and laceration of extensor tendon."

Surgery was performed on the finger, and Midland-Ross and the Industrial Commission of Ohio recognized appellant's claim for workers' compensation benefits. Appellant received temporary total disability compensation in addition to reimbursement for his medical bills.

On January 15, 1982, appellant filed a motion with the Industrial Commission, pursuant to R.C. 4123.57(C), to receive additional compensation for a two-thirds loss of use of his right index finger due to ankylosis. On March 10, 1982, the district hearing officer disallowed appellant's motion, and on September 3 of that year, the Regional Board of Review affirmed the

hearing officer's ruling. Appellant then appealed to the Industrial Commission itself, but his appeal was denied. Finally, appellant sought review in the Cuyahoga County Court of Common Pleas pursuant to R.C. 4123.519. Acting upon a motion by appellees, the court dismissed appellant's case for lack of jurisdiction. Appellant is now before this court assigning the following errors:

"I. The common pleas court committed error in granting a dismissal of the complaint in a workers' compensation claim where the question was one of ankylosis (a new and independent condition) as being an extent of disability under Ohio Revised Code, Section 4123.519.

"II. Error was committed below when reasonable minds could differ on the question of whether plaintiff's right finger was in fact ankylosed."

Appellant's two assignments of error embody a single issue and will be addressed together. The crucial question before this court is whether the court of common pleas had jurisdiction to hear appellant's case and determine if the ankylosis of his finger should allow him to participate in the Workers' Compensation Fund. R.C. 4123.519 provides in relevant part that:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. * * *"

The trial court dismissed appellant's case because it found the decision of the Industrial Commission to be one as to the extent of appellant's disability.

The term "extent of disability" has created a tremendous amount of confusion. It is often mistakenly interpreted to mean the seriousness or extent of a particular injury. "Extent of disability" far more concerns the *amount of compensation* a person should receive for an injury. Thus, R.C. 4123.519 is not meant to prevent appeals regarding the various effects of a single work-related accident or whether a person does or does not qualify for participation in the Workers' Compensation Fund. What the statute is meant to prevent are appeals related solely to the amount of compensation a claimant is to receive for a certain injury.

"The second controlling principle is that the Workmen's Compensation Act was so structured by the General Assembly to repose in the commission sole and final jurisdiction to determine extent of disability, and thus the amount of compensation to which a claimant is entitled to under the Act." *Rummel* v. *Flowers* (1972), 28 Ohio St. 2d 230, 233 [57 O.O.2d 467].

It is the contention of appellant herein that the ankylosis of his finger does not deal with the issue of additional compensation for his original injury. Appellant claims that ankylosis is separate and distinct from the crushing of his finger and is unrelated to the extent of disability from his first injury. He argues that the only issue before this court is whether he should be allowed to participate in the Workers' Compensation Fund.

Obviously, it is advantageous for a person to participate in the Workers' Compensation Fund so he or she can receive compensation for an on-the-job injury. However, before the question of the amount of compensation can be addressed, there must be an initial determination as to whether a person should be permitted to participate in the fund at all. It is premature to consider the question of the amount of compensation an appellant should receive when he is only requesting a determination regarding his right to participate in the fund.

"A determination of 'extent of disability' under R.C. 4123.519 presupposes

that claimant has been allowed the 'right to participate' in the Workers' Compensation Fund for injury to a specific part or parts of the body involving the loss or impairment of bodily functions. The decision of the Industrial Commission as to 'extent of disability' constitutes a determination of the basis for the computation of the compensation or benefits payable under the provisions of the workers' compensation law for those losses or impairments of bodily functions allowed as compensable injuries." *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386 [10 O.O.3d 503], paragraph one of the syllabus.

Appellees argue that appellant's appeal to the trial court only involved the amount of compensation he should receive for an injury that had already been recognized by his employer and the Industrial Commission. Such an appeal would be one as to the "extent of disability." However, the facts do not support appellees' argument. Appellant's finger was crushed in March 1973, and surgery was performed shortly thereafter. It was not until four years later that appellant began to experience ankylosis of the finger. Furthermore, there is no evidence that ankylosis is a necessary result of the type of injury appellant experienced or the surgery he had performed. While the ankylosis is a result of the original injury, it is a separate condition which may or may not occur, depending upon the individual circumstances.

When appellant instituted this action, it was not to increase the compensation he was receiving for his original crushing injury, it was to gain the right to participate in the fund due to the ankylosis.

"While it is true that in a series of recent cases interpreting R.C. 4123.519 it has been held that ' "* * * it is an order constituting a 'denial that is absolute going to the basis of claimant's right' that is appealable" ' [see *Smith* v. *Krouse* (1978), 54 Ohio St. 2d 369, 370, 377 N.E. 2d 493, 494, and cases cited therein], none of these cases has held that the right of appeal from the denial of a claim of disability involving the loss or impairment of bodily functions of a specific type, or in a specific part or parts of the body, is lost to a claimant merely because another claim of his as to disability or loss or impairment of bodily functions of a different nature or in a different part or parts of the body has been recognized and compensation therefor is being paid. * * *" *Id.* at 395.

In *Weisenburger* v. *Central Foundry* (1979), 60 Ohio St. 2d 178 [14 O.O.3d 412], the claimant suffered a ruptured disc for which he was awarded benefits. Over three years later, he filed a motion with the Bureau of Workers' Compensation requesting additional compensation for a psychiatric condition which he claimed was related to his original injury. The Supreme Court of Ohio held that an appeal to the trial court based on the psychiatric condition was not one dealing with the extent of disability from the ruptured disc and should be allowed.

In a case bearing an even greater similarity to the case before this court, the claimant suffered a work-related injury described as a "large hematoma of the lower back; abrasion of the left forearm." His claim was allowed and he received compensation for his injury. Well over a year later, the Administrator of the Bureau of Workers' Compensation stated:

" 'The Administrator orders that * * * it now be found that the claimant also sustained injury described as "fibromyocitis of the lumbar area of the back"; the employer is ordered to pay compensation and medical expenses relative to said additional condition, to include authorization for purchase of a back brace in accordance with the previous request for such brace of record.

" '* * *

" 'The Administrator further finds * * * that the employer be ordered to award temporary total disability compensation for the period from March 9, 1974, to June 30, 1974 * * *.' "*Robinette* v.

*Daugherty* (1979), 60 Ohio St. 2d 1 [14 O.O.3d 1].

The employer exhausted its administrative remedies and then appealed to the court of common pleas. The court dismissed the employer's appeal as it held the appeal did not involve the claimant's right to participate in the fund. The court of appeals reversed the decision of the trial court, and the Ohio Supreme Court sustained that reversal based on *Zavatsky, supra.* The fact that the claimant's later diagnosed injury was also to his back did not preclude the Ohio Supreme Court from holding that the appeal to the trial court involved a decision unrelated to the extent of disability.

While the ultimate goal of appellant in this case is to receive compensation for the ankylosis of his finger, his concern at this point is being able to participate in the Workers' Compensation Fund due to the ankylosis. He is not attempting to receive additional compensation for the crushing injury, thus this case does not involve the extent of disability from that injury. Therefore, R.C. 4123.519 permits an appeal to the court of common pleas under the facts of this case. Accordingly, the judgment of the trial court is reversed and this case is remanded for a determination as to whether appellant should be allowed to participate in the Workers' Compensation Fund due to ankylosis of his right index finger. If the trial court rules in favor of appellant's participation in the fund, only then shall it make a determination as to the amount of compensation he should receive.

*Judgment reversed and*
*case remanded.*

JACKSON and PRYATEL, JJ., concur.