SZABO, APPELLANT, *v.* CLEVELAND CLINIC FOUNDATION ET AL., APPELLEES.

(No. 47213—Decided July 9, 1984.)

*Shapiro, Kendis & Assoc. Co., L.P.A.,* and *David G. Schmidt,* for appellant.

*Baker & Hostetler, Terrance Copeland, Anthony J. Celebrezze, Jr.,* attorney general, and *Deirdre G. Henry,* for appellees.

*Per Curiam.* On October 9, 1974, while employed by Cleveland Clinic as a cleaning woman, the appellant Elizabeth Szabo suffered a contusion to the right upper arm, for which she received workers' compensation benefits.

Subsequently, appellant filed an application for additional compensation for a condition described as cervical radiculopathy. The district hearing officer found that the cervical radiculopathy was unrelated to the condition of the claim and denied appellant's application to reactivate the claim.

The Cleveland Regional Board of Review affirmed the order of disallowance on July 23, 1980 and the Industrial Commission refused further appeal.

Appellant's appeal to the Court of Common Pleas of Cuyahoga County was dismissed on June 16, 1983 after appellee filed a motion to dismiss on the basis that the court had no jurisdiction to hear the appeal because the decision of the Cleveland Regional Board of Review concerned "extent of disability" pursuant to R.C. 4123.519.[1]

Appellant assigns one error on appeal.

"The trial court erred to appellant's prejudice in granting appellee Cleveland Clinic Foundation's Motion to Dismiss and dismissing this action."

The issue to be addressed is whether the decision of the Cleveland Board of Review affirming the order of the district hearing officer is one other than a decision as to the extent of disability and, therefore, appealable under R.C. 4123.519. Apparently the trial court dismissed appellant's appeal because it found the decision of the Cleveland Regional Board of Review to be one as to the extent of disability.

This court stated in *Davis* v. *Connor* (1983), 13 Ohio App. 3d 174, that "extent of disability" refers to the amount of compensation a person should receive for an injury. Furthermore, the court added:

"Thus, R.C. 4123.519 is not meant to prevent appeals regarding the various effects of a single work-related accident or whether a person does or does not qualify for participation in the Workers' Compensation Fund. What the statute is meant to prevent are appeals related solely to the amount of compensation a claimant is to receive for a certain injury."

Appellant contends that the cervical radiculopathy is a separate injury from the upper arm injury. Moreover, the decision of the district hearing officer distinctly states that the appellant's second problem was "unrelated" to the original claim. Thus, his determination rested upon causation principles, not upon the amount of compensation to be awarded for the upper arm injury.

What appellant seeks is the right to participate in the Workers' Compensation Fund for the new injury, not to increase her compensation for the upper arm injury. She has so far been denied the opportunity to participate in the

---

[1] R.C. 4123.519 provides in pertinent part as follows:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, *other than a decision as to the extent of disability,* to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state." (Emphasis added.)

Workers' Compensation Fund for the cervical radiculopathy. We find *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386 [10 O.O.3d 503], to be dispositive. The court, in paragraph two of the syllabus, stated the following:

"A determination of 'extent of disability' under R.C. 4123.519 presupposes that claimant has been allowed the 'right to participate' in the Workers' Compensation Fund for injury to a specific part or parts of the body involving the loss or impairment of bodily functions. The decision of the Industrial Commission as to 'extent of disability' constitutes a determination of the basis for the computation of the compensation or benefits payable under the provisions of the workers' compensation law for those losses or impairments of bodily functions allowed as compensable injuries."

Because the cervical radiculopathy has never been allowed as a compensable injury, the decision of the Cleveland Regional Board of Review was not a determination as to the extent of disability.[2] Accordingly, appellant's assignment of error is well-taken.

The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

PARRINO, P.J., MARKUS and MC-MANAMON, JJ., concur.

――――――――

[2] Appellee cites *Smith* v. *Krouse* (1978), 54 Ohio St. 2d 369 [8 O.O.3d 387], to support its position. The appeal in *Smith*, however, involved only the amount of compensation the appellant could receive for disabilities previously allowed. The *Smith* case, therefore, is distinguishable from the one *sub judice.*