ON OBJECTIONS TO THE MAGISTRATE'S DECISION IN MANDAMUS
Relator, William Bond, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio, to vacate or delete that portion of an additional claim allowance that finds this condition to be resolved.
This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. The magistrate decided the requested writ of mandamus should be denied because relator has a plain and adequate remedy at law pursuant to R.C. 4123.512. Relator has filed objections to the magistrate's decision.
In his objections, relator contends that the magistrate erred in determining he has a right to appeal, pursuant to R.C.4123.512, and that he is entitled to a writ of mandamus because the commission's decision finding the additionally allowed condition is resolved is not supported by some evidence. Respondent agrees with relator that mandamus is an appropriate remedy, but argues there is some evidence to support the commission's decision.
Relator sustained an industrial injury in 1993, and his claim was allowed for lumbar sprain and contusion of shoulder. In 1996, relator requested his claim be additionally allowed for "Grade I-II spondylolisthesis at L5 on S1 by way of direct cause or by an aggravation of a preexisting condition." A file review was requested by the Bureau of Workers' Compensation and, based on a May 1996 report by Dr. Hughes, the claim for the additional allowance was denied, a decision that was affirmed by a district hearing officer. Following further appeal, a staff hearing officer issued an order which provided:
 The Staff Hearing Officer finds that the condition of AGGRAVATION OF PRE-EXISTING GRADE I SPONDYLOLISTHESIS AT L5-S1 is causally related to the injury of 10/07/1993.
 Therefore the condition of AGGRAVATION OF PRE-EXISTING GRADE I SPONDYLOLISTHESIS AT L5-S1 RESOLVED is allowed as a condition in this claim.
Relator appealed to the Hamilton County Court of Common Pleas, pursuant to R.C. 4123.512, and the court concluded that relator's remedy was in mandamus. In State ex rel. Evans v.Indus. Comm. (1992), 64 Ohio St.3d 236, syllabus, the Ohio Supreme Court held:
 1. An Industrial Commission decision does not determine an employee's right to participate in the State Insurance Fund unless the decision finalizes the allowance or disallowance of the employee's claim. * * *
 2. The Industrial Commission's decision to grant or deny additional benefits under an existing claim does not determine the worker's right to participate in the State Insurance Fund, and is not subject to appeal pursuant to R.C. 4123.519. * * *
In Evans, the claimant suffered a work-related back injury, his claim was allowed and he was awarded temporary total disability compensation from October 8, 1986 through December 30, 1986, for lumbosacral strain. Benefits after December 30, 1986, were denied based on an intervening non-work related injury. In finding that Evans was entitled to pursue an appeal, pursuant to R.C. 4123.519 (now R.C. 4123.512), the court stated, at 240-241:
 * * * [A]n Industrial Commission decision is appealable if the decision is a final denial or grant of compensation for a particular claim. It is this test, and not the factual distinction made in [State ex rel.] Roope [v. Indus. Comm.
(1982), 2 Ohio St.3d 97], that controls whether a decision is subject to appeal pursuant to R.C. 4123.519.
 The Industrial Commission's refusal to reactivate benefits under an existing claim does not finalize the disallowance of the employee's claim because that decision does not foreclose all future compensation under that claim. For this reason, the Industrial Commission's decision to deny or grant additional benefits under a previous claim does not determine the worker's right to participate in the State Insurance Fund, and is not subject to appeal pursuant to R.C. 1423.519. * * *
 In this case, the commission did more than simply refuse to grant additional benefits for a specified time period. The hearing officer denied both temporary total disability benefits after December 30, 1986 and "medical bills incurred after 1-8-87." We understand this order to permanently foreclose Evans from receiving any further benefits under the claim he filed for the original accident that occurred at work on October 7, 1986. This flat prohibition of any future benefits determines the claimant's right to participate in the State Insurance Fund and is subject to appeal pursuant to R.C. 4123.519. * * * [Emphasis added.]
In Felty v. ATT Technologies, Inc. (1992), 65 Ohio St.3d 234, syllabus, the court held:
 1. Only decisions reaching an employee's right to participate in the workers' compensation system because of a specific injury or occupational disease are appealable under R.C. 4123.519.
 2. Once the right of participation for a specific condition is determined by the Industrial Commission, no subsequent rulings, except a ruling that terminates the right to participate, are appealable pursuant to R.C. 4123.519. [Emphasis added.]
In Felty, the court further explained the rule in Evans, at 239:
 * * * We held that because the order of the commission "permanently foreclose[d] Evans from receiving any further benefits under the claim he filed," the order was appealable under R.C. 4123.519; the extraordinary remedy of mandamus was not available because Evans had a remedy at law. * * *
 The rule articulated in Evans requires further clarification. The confusion involves the meaning of the word "claim" in the above-quoted syllabus of Evans. A "claim" in a workers' compensation case is the basic or underlying request by an employee to participate in the compensation system because of a specific work-related injury or disease. A decision by the commission determines the employee's right to participate if it finalizes the allowance or disallowance of an employee's "claim." The only action by the commission that is appealable under R.C. 4123.519 is this essential decision to grant, to deny, or to terminate the employee's participation or continued participation in the system.
 Thus, an order allowing a claim for one injury but denying a claim for two other injuries arising out of the same accident is appealable. Zavatsky [v. Stringer
(1978), 56 Ohio St.2d 386]. A ruling that the claimant did not sustain any disability as a result of a work-related accident is also appealable. Keels v. Chapin Chapin, Inc. (1966), 5 Ohio St.2d 112, 34 O.O.2d 249, 214 N.E.2d 428. And a decision by the commission that a claimant's right to participate is not barred by the limitations period prescribed by R.C. 4123.52 is appealable. State ex rel. Consolidation Coal Co. v. Indus. Comm. (1985), 18 Ohio St.3d 281, 18 OBR 333, 480 N.E.2d 807. These cases illustrate the rule that an appeal to the common pleas court is limited to one decision: whether an employee is or is not entitled to be compensated for a particular claim.
Like the claimant in Evans, in this instance, the commission has allowed relator's further condition of aggravation of pre-existing Grade I spondylolisthesis at L5-S1, but, at the same time, determined that the condition has been resolved. Taber's Cyclopedic Medical Dictionary (18 Ed. 1997) 1661, defines "resolve" as meaning "[t]o return to normal as after a pathological process." Thus, by finding relator's condition has returned to normal, he has been permanently foreclosed from receiving further benefits for the additionally allowed condition of aggravation of pre-existing Grade I spondylolisthesis at L5-S1. Thus, based on Evans and Felty, we find relator is entitled to pursue an appeal pursuant to R.C. 4123.512.
While, at first blush, appellant would appear to be without a legal remedy as Hamilton County has concluded, he has no right to an appeal pursuant to R.C. 4123.512, Section2(B)(2)(a)(i), Article IV, Ohio Constitution provides appellant with an appeal, as of right, to the Ohio Supreme Court of this court's decision denying his request for a writ of mandamus. If the Ohio Supreme Court agrees with our interpretation of Evans andFelty, appellant will be able to pursue an action in Hamilton County. If the Ohio Supreme Court disagrees with our decision, relator would then be entitled to a writ of mandamus.
Upon a review of the magistrate's decision and an independent review of the file, this court overrules relator's objections to the magistrate's decision and adopts the magistrate's decision as its own. Therefore, the requested writ of mandamus is denied.
Objections overruled, writ of mandamus denied.
PETREE, J., concurs, TYACK, J., dissents.