OPINION
{¶ 1} Defendant-appellant, Yellow Freight System, Inc. ("appellant"), appeals from the January 31, 2002 decision of the Franklin County Court of Common Pleas denying appellant's motion to reconsider and ordering appellant to pay plaintiff-appellee, Gary A. Carter ("appellee"), attorney fees and costs. For the reasons that follow, we reverse the decision of the trial court.
{¶ 2} Appellant employed appellee as an over-the-road truck driver. On February 24, 1989, during the scope of his employment, appellee's neck and shoulder were jarred when the tractor/trailer truck he was driving struck "a few holes in the road." Appellee filed an application for workers' compensation benefits with appellant. On July 26, 1990, appellant certified appellee's claim for a cervical strain.
{¶ 3} On October 9, 1998, a little over nine years after his injury, appellee filed a C-86 motion with the Industrial Commission of Ohio ("ICO"), requesting benefits for a herniated disc in his neck, which appellee alleged was the result of the February 24, 1989 work-related injury. In his motion, appellee requested payment of temporary and total disability benefits from March 3, 1998 to October 5, 1998, along with additional allowances for the claim of herniated disc, and payment for medical bills associated with his cervical discectomy and fusion.
{¶ 4} Appellee's motion was heard on February 9, 1999 before District Hearing Officer C. Albrecht. On February 12, 1999, Hearing Officer Albrecht mailed a written order granting appellee's additional claim for herniated disc at C4-5 and C5-6, award of temporary total disability compensation from March 3, 1998 to October 4, 1998, and payment for appellee's July 22, 1998 cervical discectomy and fusion. On or about February 19, 1999, appellant appealed the district hearing officer's order.
{¶ 5} On March 16, 1999, Staff Hearing Officer R. Miller heard the appeal and issued a written opinion on March 23, 1999, affirming Hearing Officer Albrecht's February 12, 1999 order. On or about March 25, 1999, appellant appealed the staff hearing officer's order.
{¶ 6} On April 2, 1999, without conducting a hearing, the ICO issued a final order denying appellant's subsequent appeal. Appellant filed an appeal, pursuant to R.C. 4123.512, with the Franklin County Court of Common Pleas.
{¶ 7} On September 9, 2001, appellee filed a motion to dismiss appellant's appeal, a motion to stay proceeding, and a motion for fees and costs. In his motion to dismiss, appellee argues that appellant did not have a right to appeal the February 12, 1999 order to the trial court because appellee's herniated disc was not a "new condition" but an exacerbation of his original injury. On December 20, 2001, the trial court granted appellee's motion to dismiss, concluding that the subject matter of the February 12, 1999 order was not appealable under R.C.4123.512 because the order related to an extent of disability issue and not a right to participate issue.
{¶ 8} On January 2, 2002, appellant filed a motion to reconsider the trial court's December 20, 2001 decision because the trial court made a factual mistake by determining that the ICO order related to the extent of disability and not a right to participate issue. Appellant argued that the issue is appealable under R.C. 4123.512 because the ICO officers referred to appellee's herniated disc as an "additional condition" and the relief awarded constituted an "additional allowance." On January 4, 2002, appellee filed a memorandum contra to appellant's motion to reconsider. On January 31, 2002, the trial court denied appellant's motion for reconsideration concluding that "despite [appellant's] attempt to emphasize the semantic anomalies appearing in the administrative record" and while there was a mischaracterization made by the ICO of "additional condition" and "additional allowance," the subject matter of the ICO order related to the nature of the sustained injury and the awarded relief (extent of disability) not on the terminology used by the officers. (Entry Journalizing Decision filed December 20, 2001; Order Awarding Attorney's Fees; Decision Denying Motion of Yellow Freight Systems, Inc. to Reconsider Filed January 2, 2001, January 31, 2001, p. 4.) The trial court further ordered appellant to pay appellee $2,500 in attorney fees and $282.38 in costs. It is from this decision that appellant appeals, assigning the following sole assignment of error:
{¶ 9} "The trial court erred by granting the motion to dismiss for lack of subject matter jurisdiction of appellee, Gary Carter."
{¶ 10} The standard of review for a motion to dismiss pursuant to Civ.R. 12(B)(1) is "whether any cause of action cognizable by the forum has been raised in the complaint." State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80. See, also, Avco Financial Services Loan, Inc. v. Hale (1987), 36 Ohio App.3d 65. On appeal, an appellate court considers the issue de novo, reviewing the issue independently of the trial court's decision. Shockey v. Foutey (1995), 106 Ohio App.3d 420.
{¶ 11} In its sole assignment of error, appellant contends that appellee's new condition (the herniated disc in his neck) was a result of the original injury. Appellant argues that, because appellee wants the ICO to consider this new condition, it is a right to participate issue appealable under R.C. 4123.512.
{¶ 12} R.C. 4123.512 (formerly R.C. 4123.519) states in pertinent part:
{¶ 13} "(A) The claimant or the employer may appeal an order of the industrial commission made * * * in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas * * *."
{¶ 14} "The only decisions reviewable pursuant to R.C. 4123.519
are those decisions involving a claimant's right to participate or to continue to participate in the fund." Afrates v. Lorain (1992),63 Ohio St.3d 22, 26.
{¶ 15} Appellee's C-86 motion requested, among other things, "additional allowance of herniated disc C4-5 C5-6." Appellee contends that his right to receive benefits for his herniated disc related to the extent of his disability, and is not appealable under R.C. 4123.512. In the March 24, 1999 ICO order, the staff hearing officer, relying on doctors' reports and appellee's testimony, concluded that appellee's condition directly related to his February 24, 1989 injury, and that there were no intervening injuries that would break the chain of causation. On December 20, 2001, the trial court concluded that the herniated disc is not a new condition, but an exacerbation of appellee's original injury, and the ICO order provided additional compensation for a previously allowed claim, which is a nonappealable issue under R.C.4123.512.
{¶ 16} We find that the trial court has subject matter jurisdiction of appellee's additional allowance claim for herniated disc. Appellee was injured on February 24, 1989. As a result, appellee filed an application for benefits. On July 26, 1990, appellant certified appellee's application as a cervical strain. Later, appellee developed a herniated disc as a result of his injury. Thereafter, appellee applied for benefits for treatment of the herniated disc. The ICO allowed appellee's additional application for the herniated disc. "A decision of the commission to allow * * * this [additional] condition is * * * appealable under R.C. 4123.[512] for the reason that the development of such a secondary condition would present a new `claim' by the employee to participate in the fund." Felty v. ATT Technologies, Inc. (1992),65 Ohio St.3d 234, 240, citing Weisenburger v. Central Foundry Div., Gen. Motors Corp. (1979), 60 Ohio St.2d 178, and Davis v. Connor (1983),13 Ohio App.3d 174.
{¶ 17} Appellant cites to several cases to support its proposition that a decision by the ICO on a request for an additional condition is a right to participate issue that is appealable under R.C. 4123.512.
{¶ 18} In Weisenburger, supra, the claimant suffered a ruptured disc and was awarded benefits. Three years later, the claimant filed a motion requesting additional compensation for a psychiatric condition which claimant alleged was related to his original injury. The Ohio Supreme Court held that claimant's appeal to the trial court based on his secondary condition did not deal with extent of disability from the ruptured disc. Therefore, the claimant's claim should be allowed under R.C. 4123.519.
{¶ 19} Furthermore, appellant cites to McClosky v. Regal Mining, Inc. (1997), 78 Ohio St.3d 171, for the proposition that a decision by the ICO on a request for an additional condition is a right to participate issue that is appealable under R.C. 4123.512. In McClosky, supra, the claimant sustained an injury to his neck during the course of his employment. The claimant filed a claim, which was allowed for a simple cervical sprain and strain. After the initial allowance, claimant moved for an additional cervical allowance claim. Claimant's claim was administratively denied, and his complaint was dismissed by the trial court as an extent of disability rather than a right to participate issue. The Seventh District Court of Appeals affirmed the trial court's decision. The Ohio Supreme Court reviewed and reversed the matter concluding that a decision to deny requested compensation for an additional condition subsequent to the initial allowance was a right to participate issue that was appealable to the common pleas court. Id. at 172.
{¶ 20} Additionally, in Robinette v. Daughterty (1979),60 Ohio St.2d 1, the Ohio Supreme Court held that claimant's workers' compensation claim allowed for compensation for large hematoma of lower back and abrasions of left forearm, and that a subsequent additional order for fibro myocitis of the lumbar area of the back was "other than a decision as to the extent of disability" and was therefore appealable to the court of common pleas. Id. at 4.
{¶ 21} In this case, appellee is not attempting to receive additional compensation for the cervical strain injury, but additional allowance for a secondary claim; his herniated disc. Therefore, R.C.4123.512 permits an appeal to the court of common pleas under the facts of this case. Appellant's assignment of error is well-taken.
{¶ 22} Based on the foregoing, appellant's sole assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed and this case is remanded for further proceedings consistent with this opinion.
Judgment reversed
and case remanded.
KLATT and BROWN, JJ., concur.