ROBERTSON, APPELLANT, *v.*
INTERNATIONAL HARVESTER COMPANY
ET AL., APPELLEES.

---

[1] See App. R. 18(C). The record in pertinent part supports appellant's rendition of events.

(No. 1936—Decided August 14, 1984.)

*Michael J. Muldoon,* for appellant.

*Vorys, Sater, Seymour & Pease, Alan T. Radnor* and *Carl D. Smallwood,* for appellee International Harvester Co.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Dennis L. Hufstader,* for appellee Industrial Commission.

BROGAN, P.J. This appeal arises from a judgment by the Common Pleas Court of Clark County, Ohio, in favor of the defendant-appellee International Harvester Company.

The matter presently before this court concerns a dispute over a claim for workers' compensation benefits by plaintiff-appellant, Lesta Robertson, for a back injury allegedly occurring while at International Harvester's worksite on August 7, 1973. The record reveals appellant filed her application for payment of compensation and medical benefits with the Bureau of Workers' Compensation on April 3, 1981. This claim was initially denied on June 16, 1981 by a district hearing officer of the defendant-appellee Industrial Commission of Ohio on the grounds he lacked jurisdiction to hear the merits. This order was subsequently affirmed by the Dayton Regional Board of Review in an order dated October 29, 1981. On appeal to the Industrial Commission of Ohio pursuant to R.C. 4121.35(B)(6), the two previous administrative orders were reversed.

The commission's hearing officers found *inter alia:*

"It is further the finding of the Staff Hearing Officers that claimant's appeal, filed December 15, 1981, be granted; that the order of the Dayton Regional Board of Review be vacated; that the District Hearing Officer did have jurisdiction to hear the merits of this claim; that the claim now be set for hearing on its merits before a District Hearing Officer."

Pursuant to R.C. 4123.519, International Harvester Co. filed its notice of appeal from this order with the common pleas court. Appellant herein moved to dismiss the appeal on the ground it was an appeal from a decision "as to the extent of disability" and therefore not appealable under R.C. 4123.519. In its order filed on August 15, 1983 the trial court overruled said motion, concluding the order appealed from was "based upon the statute of limitations and therefore is not a decision as to the extent of disability."

The matter was subsequently set for jury trial on November 9, 1983. At the close of plaintiff's case, International Harvester moved for a directed verdict on the ground that claimant had failed to comply with the two-year, written-notice-of-injury requirement of R.C. 4123.84. The trial court granted the motion concluding that:

"[T]he evidence is uncontradicted that the alleged injury occurred in 1973 and that plaintiff did not file a written application for the alleged 1973 injury with the industrial commission until 1981.

"Although the evidence is that plaintiff, at the time of the alleged injury, saw the defendant's company physician and other doctors concerning the injury (allegedly to her back) there is no evidence upon which reasonable minds could come to more than one conclusion indicating that the industrial commission received notice, written or otherwise, that plaintiff was claiming an industrial injury to her back as a result of the 1973 incident she testified to until 1981."

From this judgment appellant has timely filed her notice of appeal to this court. On appeal she raises for our review two assignments of error, the first of which maintains:

"The trial court erred in overruling the plaintiff-appellant's motion to dismiss defendant-appellee's appeal. The decision of the industrial commission was a decision as to the 'extent of disability' and therefore is not an appealable order under Ohio Revised Code Section 4123.519."

In the usual course of events, R.C. 4123.519 permits appeals to the court of common pleas from orders of the Industrial Commission on matters "other than a decision as to the extent of disability." *Talley* v. *Connor* (March 18, 1982), Montgomery App. No. 7535, unreported. Hence, if a decision, by its own terms, concerns only the extent of disability, it is not appealable. *Id.* (citing *Rummel* v. *Flowers* [1972], 28 Ohio St. 2d 230 [57 O.O.2d 467]). Appellant has adopted the position that the order of the Industrial Commission was in fact such a non-appealable decision.

The critical issue presented for our determination therefore becomes one of jurisdiction, to wit: whether the decision of the commission was one "other than a decision as to the extent of disability." In *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386 [10 O.O.3d 503], the Ohio Supreme Court discussed and defined the disputed phrase. At paragraph two of the syllabus in *Zavatsky* the court stated:

"A determination of 'extent of disability' under R.C. 4123.519 presupposes that claimant has been allowed the 'right to participate' in the Workers' Compensation Fund for injury to a specific part or parts of the body involving the loss or impairment of bodily functions. The decision of the Industrial Commission as to 'extent of disability' constitutes a determination of the basis for the computation of the compensation or benefits payable under the provisions of the workers' compensation law for those losses or impairments of bodily functions allowed as compensable injuries."

This case therefore narrows our inquiry to a determination whether the decision appealed to the common pleas court involved the right to participate in the fund or only the extent of such participation. Upon review of the record we are of the opinion the Industrial Commission's decision addressed the former and was therefore properly appealable to the lower court.

By the very terms of the Industrial Commission's decision it was a determination as to the *jurisdiction* of the district hearing officer to entertain the claim. As we perceive such jurisdictional determinations, they are targeted toward a claimant's right to participate as opposed to the extent of her participation. Consequently, the commission's decision was one "other than a decision as to the extent of disability." We find support for our conclusion in *Valentino* v. *Keller* (1967), 9 Ohio St. 2d 173 [38 O.O.2d 412]. Therein the claimant sought to reinstate an old claim and the court was confronted with the issue of whether claimant had received treatment from a company doctor within the ten-year statute of limitations in R.C. 4123.52.

"Upon the motion of a claimant for reinstatement of his claim for workmen's compensation benefits, which claim has been previously allowed, the Industrial Commission has the power to determine whether ten years has elapsed since the last compensation or benefits were received by the claimant. *The commission's determination of that question is a decision as to the claimant's right to participate or to continue to participate in the fund. A determination of such question adversely to the applicant is jurisdictional and entitles the claimant to appeal to the Com-*

*mon Pleas Court pursuant to the provisions of Section 4123.519, Revised Code."* (Emphasis added.) *Valentino,* at the syllabus.

The matter presently before us differs from *Valentino* in two respects. Initially, *Valentino* involved a motion of a claimant for reinstatement of a previously allowed claim. Secondly, the commission's determination of the factual dispute in *Valentino* was rendered adversely to the applicant. We do not believe either distinction warrants a conclusion contrary to the ultimate disposition by the *Valentino* court.

In the present matter the commission-was confronted with a determination whether two years had elapsed before the claimant filed her written notice of injury pursuant to the mandates of R.C. 4123.84. As such a written notice is mandatory, it too was a jurisdictional question directed toward the claimant's right to participate in the fund. Nor do we believe the fact that the determination was favorable to the claimant should alter this decision in any respect.

The decision in *Kessler* v. *Admr., Bureau of Workers' Comp.* (Feb. 19, 1976), Franklin App. No. 75AP-361, unreported, strongly supports our conclusion. As in this matter, the issue confronting the Industrial Commission and common pleas court was whether the alleged injuries were reported in writing within the two-year period provided in R.C. 4123.84. On procedural facts very similar to those presently confronting us the court of appeals construed the *Valentino* decision in a manner consistent with our finding. The *Kessler* court concluded at 7:

"* * * that a determination by the Industrial Commission on a question concerning statute of limitations is an issue involving the jurisdiction of the administrator, *even though such determination be in favor of the claimant* rather than adverse to such claimant,

and would be an issue appealable to the Common Pleas Court pursuant to R.C. 4123.519." (Emphasis added.)

In light of the above we are of the opinion that a determination of the issue of jurisdiction by which a claimant may participate in the Workers' Compensation Fund is a determination of an issue "other than the extent of disability." The common pleas court was therefore correct in accepting the appeal of the appellee International Harvester Co.

Appellant's first assignment of error is overruled.

Appellant submits under her remaining assignment of error that:

"The trial court erred in finding that the plaintiff-appellant had failed to comply with Ohio Revised Code Section 4123.84, as the evidence adduced at the trial confirmed that · plaintiff-appellant had provided the Industrial Commission of Ohio with written notice concerning her injury in accordance with Ohio Revised Code Section 4123.84."

R.C. 4123.84 provides in pertinent part:

"(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) Written notice *of the specific part or parts* of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation; * * *." (Emphasis added.)

The duty to see that the requisite notice is properly filed within the statutory period of limitations rests with the employee-claimant. *Greenwalt* v. *Goodyear Tire & Rubber Co.* (1955), 164 Ohio St. 1, 7 [57 O.O. 57]. By the very terms of the statute itself, a claimant's failure to file a proper notice results in a bar to her claim for workers' compensation benefits. The relevant inquiry must therefore focus upon whether the

appellant-claimant gave adequate written notice to the Bureau of Workers' Compensation of her alleged back injury within two years after its occurrence.

The record reveals appellant had been involved in two work-related accidents within one day of each other. On August 7, 1973, she suffered the alleged back injury when she slipped while lifting a hood to a truck. She did not however report to the company dispensary to complain of the injury on that day. On August 8, 1973, while operating an air gun, she was struck in the head with the device causing her to seek treatment in the dispensary. She then reported both the head and back injury to the treating physician, Dr. George L. Fifer.

Dr. Fifer diagnosed appellant's condition as "a mild contusion of the left occipital area" (head) and "acute muscular strain aggravated by a second accident on 8/8/79 [sic], left lumbar back" (back). Appellant was instructed to, and did remain off work from August 8 to August 20, 1973.

In September 1973, appellant did file an application for compensation with the Bureau of Workers' Compensation. At item 8, "Description of injury," appellant supplied the following information: "while running air gun caught hair pulling head into gun."

Under item 10, "Describe nature of injury and part of body affected," appellant typed in: "mild contusion left occipital area. Acute muscular strain aggravated by 2nd accident." This description is immediately followed by the written words "Head Injury." Appellant also indicated "8-8-73" as the date of injury.

Upon review of this application we must conclude that it failed to give adequate written notice of the specific body part subject of the present claim, to wit: the back. The description does supply sufficient information to put the bureau on notice of the head injury; however, the statement "Acute muscular strain * * *" fails to indicate the area of the body affected. Consequently, it would be unreasonable to conclude this application provided notice of the alleged back injury to the bureau as required by R.C. 4123.84, particularly in light of the fact appellant specifically listed the nature of the injury in item 10 as a "Head Injury."

Appellant argues the actions of the self-insured employer, International Harvester Co., constituted notice of the claimed injury within the purview of R.C. 4123.84. In particular she relies upon the medical records and testimony of the company doctor, as well as the notice obligations of the employer under R.C. 4123.28. We are of the opinion such reliance is misplaced.

R.C. 4123.28 imposes an obligation upon the employer to file a report with the Industrial Commission of all injuries resulting in, among other things, seven days or more of disability. Be that as it may, this provision is not meant to provide notice for the purposes of establishing a claim for benefits on behalf of the injured employee. In order for the employee to make a claim she must first file a written notice of the injury as provided in R.C. 4123.84. As we stated above, this obligation rests solely with the claimant, and her failure to properly do so results in a bar to the claim. The September 1973 notice given for this purpose did not adequately describe a back injury. Appellant cannot rely upon a separate obligation of the employer to supplement her duty to give the proper notice.

The testimony and records of Dr. Fifer clearly indicate appellant had suffered a back injury as she alleged. This may well have put the company on notice of the injury. It does not however convey the nature of the claimed injury to the bureau as required by statute. Consequently, appellant cannot rely upon these records to support her obligation to give notice to the "in-

dustrial commission or the bureau of workers' compensation.''

Appellant did file an application for payment of compensation for the back injury on April 3, 1981, nearly eight years after the accident. Obviously this is well beyond the mandatory two-year period provided for in R.C. 4123.84. There being nothing in the record indicating the two-year period was tolled for any reason, the trial court was correct in concluding appellant's claim was barred.

The record reveals appellant failed to give adequate notice of the alleged back injury in the September 1973 application. Her subsequent application of April 3, 1981 being well beyond the statutory two-year requirement, appellant has lost her right to recover workers' compensation benefits provided for in R.C. Chapter 4123.

Appellant's second assignment of error is hereby overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

WILSON and WEBER, JJ., concur.