BUSH, APPELLANT, *v.* MAYFIELD, ADMR., ET AL., APPELLEES

(No. 86AP-405—Decided December 2, 1986.)

*Butler, Cincione, DiCuccio & Dritz* and *David B. Barnhart,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Michael Squillace,* for appellee James Mayfield, Administrator, et al.

*Vorys, Sater, Seymour & Pease, Robert A. Minor* and *William G. Porter II,* for appellee Dresser Industries, Inc.

WHITESIDE, J. Plaintiff, Roy D. Bush, appeals from a judgment of the Franklin County Court of Common Pleas and raises two assignments of error as follows:

"1. The trial court erred in granting the defendant-appellee's motion for summary judgment because material issues of fact remained to be litigated concerning the facts and circumstances of the claimant's injury.

"2. The trial court erred as a matter of law in granting the defendant-appellee's motion for summary judgment since Ohio Revised Code § 4123.84 was tolled by the payment by the employer's insurance carrier of the claimant's medical bills."

Plaintiff filed an application on September 9, 1983 for workers' compensation benefits with respect to an alleged injury sustained during the course of his employment with defendant Dresser Industries, Inc., a self-insured employer, more than five years earlier on April 26, 1978. The Industrial Commission denied the application for the reason that it was barred by application of R.C. 4123.84. Plaintiff appealed, pursuant to R.C. 4123.519, to the court of common pleas. Defendant Dresser Industries filed a motion for summary judgment in which defendant Industrial Commission joined. The common pleas court sustained the motion for summary judgment, finding the claims to be barred by former R.C. 4123.84(A),[1] which provided in pertinent part as follows:

---

[1] Since the time of plaintiff's injury, R.C. 4123.84 was amended to change former division (2) to division (3) and add a new division (2), which the parties agree has no application herein and which reads as follows:

"(2)   The employer, with knowledge of a claimed compensable injury or occupational disease, has paid wages in lieu of compensation for total disability[.]"

Also, the following was added to the end of former R.C. 4123.84(2)(a):

"* * * or the employer has furnished treatment by a licensed physician in the employ of an employer; providing, however, that the furnishing of such treatment shall not constitute a recognition of a claim as compensable, but shall do no more than satisfy the requirements of this section[.]"

"In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workmen's compensation;

"(2) In the event the employer has elected to pay compensation or benefits directly, one of the following has occurred:

"(a) Written notice of the specific part or parts of the body claimed to have been injured has been given to the commission or bureau;

"(b) Compensation or benefits have been paid or furnished equal to or greater than is provided for in sections 4123.52, 4123.55 to 4123.62, and 4123.64 to 4123.67 of the Revised Code."

By his first assignment of error, plaintiff contends that the trial court erred in construing the evidence as demonstrating that he does not have a compensable injury, specifically objecting to language in the decision of the trial court that "there is no showing of compensable injury of plaintiff attributable to an industrial injury caused by either faulty safety shoes or by heavy objects falling on plaintiff's feet." While we would agree with plaintiff that a question of fact may exist as to whether he has sustained a compensable injury if application had been timely filed therefor, the basic issue before us (and the only issue determined by respondent Industrial Commission) is whether plaintiff's claim is barred by application of R.C. 4123.84, the issue raised by the second assignment of error. Accordingly, any error on the part of the trial court is not prejudicial unless the second assignment of error is well-taken.

Plaintiff concedes that he gave no written notice of a claimed industrial injury until he filed his application on September 9, 1983, more than five years after the date of the alleged injury. He contends, however, that one of the tolling provisions of R.C. 4123.84 is applicable, specifically, former R.C. 4123.84(A)(2)(b) (now R.C. 4123.84 [A][3][b]), which provided that the two-year bar will not apply if a self-insured employer has paid compensation or benefits equal to or greater than those provided by statute. Plaintiff points out that "benefit" is defined by R.C. 4123.84(B) as being payment by a self-insured employer of "(1) A hospital bill; (2) A medical bill to a licensed physician or hospital; (3) An orthopedic or prosthetic device." Plaintiff contends that such benefits were paid with respect to his foot by Prudential Insurance Company. However, it is undisputed that such payments made by Prudential Insurance Company were pursuant to a nonoccupational sickness and accident policy and that plaintiff applied for such insurance benefits. Plaintiff also signed a form, apparently in connection with an application for insurance benefits, specifically stating that the disability was not due to employment. Plaintiff received not only payment of medical expenses but also payment of disability benefits in the amount of $440 covering the period from May 8 to June 4, 1978.

Accordingly, the issue before us is whether the payment of insurance benefits pursuant to the nonoccupational accident and sickness policy constituted payment of benefits within the contemplation of R.C. 4123.84(A)(2)(b). We find that the trial court correctly found as a matter of law that receipt of such nonoccupational sick and accident insurance payments does not constitute the payment of compensation or benefits within the contemplation of the statute. R.C. 4123.82(A) provides that a contract of insurance is void if it provides that the insurer shall pay compensation to workmen or dependents for an industrial injury. R.C. 4123.82(B) does

permit a self-insured employer to obtain an insurance contract indemnifying the employer against such self-insured employer's "loss in excess of at least fifty thousand dollars from any one disaster or event" for which the employer would be liable under R.C. Chapter 4123. However, that section further specifically provides that "no insurance corporation shall, directly or indirectly, represent an employer in the settlement, adjudication, determination, allowance, or payment of claims." Accordingly, payment of insurance benefits by an insurance company cannot constitute the payment of compensation or benefits by a self-insured employer within the contemplation of R.C. 4123.84(A)(2)(b) when that section is read *in pari materia* with R.C. 4123.82. There is no contention that the insurance policy in question was other than a nonoccupational accident and sickness policy under which payments would not be payable or made if a compensable industrial injury were involved. The undisputed evidence indicates that such insurance payments were made upon the representation that plaintiff's condition for which insurance payments were sought was not due to injury or sickness arising out of his employment.

Construing the evidence most strongly in favor of plaintiff, reasonable minds could only conclude that no compensation or benefits as defined by R.C. 4123.84(B) have been paid or furnished to plaintiff equal to or greater than those provided by R.C. 4123.52, 4123.55 to 4123.62, or 4123.64 to 4123.67. Instead, plaintiff received insurance payments from an insurance company under a nonoccupational accident and sickness policy under the understanding or representation that the condition for which the insurance payments were made was not a result of an injury or sickness arising out of plaintiff's employment.

Since no written notice of the parts of the body claimed to have been injured has been given, and no compensation or benefits have been paid within two years after the alleged injury, plaintiff's application filed more than five years after the alleged injury is barred by application of R.C. 4123.84. Accordingly, neither the second nor the first assignment of error is well-taken.

For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and SPAHR, JJ., concur.

SPAHR, J., of the Licking County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.