**ISLEY, Appellant,**

v.

**MAYFIELD, Admr., et al.;**

**Automated Packaging Systems, Inc. et al., Appellees.**

[Cite as *Isley v. Mayfield* (1988), 61 Ohio App.3d 619.]

Court of Appeals of Ohio,
Summit County.

No. 13711.

Decided Dec. 14, 1988.

*Christopher T. Cherpas*, for appellant.

*Lynn Marie Schott* and *Michael K. Kristoff, Sr.*, for appellees.

GEORGE, Presiding Judge.

This is an appeal from the denial of workers' compensation benefits. On September 19, 1983, plaintiff-appellant, William E. Isley, cut his third finger on his right hand while working for a self-insured employer, defendant-appellee, Automated Packaging Systems, Inc.

Dr. William Ritchey sutured a one-inch laceration that same day and gave Isley follow-up treatment. Dr. Ritchey billed and received payment for the medical treatment of Isley, from Prudential Insurance Company—Isley's non-occupational insurance carrier. Some time later, Dr. Ritchey re-examined Isley and found that he had a permanent partial disability in the injured finger.

When Isley inquired about his claim to the bureau, more than two years after the injury, he was advised that a claim had never been filed. On

November 21, 1986, then, Isley did file a claim for the 1983 injury. The employer first received notice of Isley's injury in December 1986, more than three years after the injury.

Isley's application for benefits was denied by the hearing officer for the reason that it was not timely filed. This denial was affirmed by the regional board of review and again by the Industrial Commission. Isley then appealed to the common pleas court, pursuant to R.C. 4123.519. Isley's appeal was directed to the denial of benefits and the failure of the employer to report his injury to the bureau. Isley claimed that such a failure on the part of the employer was a fraud upon him.

The employer filed a motion to dismiss both claims—because the application was not timely filed and because the claim of fraud was filed beyond the statute of limitations. R.C. 4121.80. An affidavit accompanied the motion to dismiss and Isley opposed the motion and attached two affidavits—his and Dr. Ritchey's.

The trial court converted the motion to dismiss into one for summary judgment, and gave notice to the parties along with time to submit any additional materials. The employer filed a brief and the employee filed nothing further. The trial court reviewed the pleadings, affidavits and briefs and, thereafter, granted summary judgment to the employer, dismissing the case.

### Assignment of Error I

"The trial court erred in dismissing the plaintiff's complaint for failure to state a claim, in that there was an allegation in the complaint of fraudulent conduct on the part of the employer, and that the employer failed to process a claim for benefits, including medical benefits and make the appropriate notifications of its determination to the Bureau of Workers' Compensation."

Isley's complaint alleged the following:

"8. Plaintiff further says that he reported the injury to Paul Scarberry, a foreman for Automated Packaging Systems, Inc., after he came back from being treated at the hospital. Plaintiff says that he received various stitches on his said hand and that the tendon was cut, but that he had to wait a substantial length of time to have the tendon repaired by the physician.

"9. Plaintiff further says that on September 19, 1983, he presented himself to his surgeon, Dr. William Ritchey, and related that he had been injured in the course and scope of his employment while at work; that billing was forwarded to the defendant, Automated Packaging Systems, Inc. but that the bill was subsequently paid by the defendant, Prudential Insurance Company and no Workers' Compensation claim was filed, in that the defendant, Auto-

mated Packaging Systems, perpetrated a fraud upon this plaintiff, and the defendant, Prudential Insurance Company, in not reporting the injury to the Bureau of Workman's Compensation pursuant to law."

Isley alleged that his employer committed a fraud upon him by not reporting the work-related injury to the bureau. First, Isley claims to have told Paul Scarberry, a foreman for the employer, of his injury. The employer's affidavit, however, indicates that Scarberry resigned almost three years prior to appellant's injury. Second, Isley claims that billing for the treatment by Dr. Ritchey was sent to the employer. However, there is no supporting documentation to this effect and the employer's affidavit indicates that the employer first received notice of Isley's 1983 injury in 1986.

It is clear from the record that Isley did not submit an application for workers' compensation to his employer or to the bureau. Neither is there any evidence that Isley requested his employer to process an application for such benefits.

R.C. 4123.84 provides that a claim for a work-related injury is barred two years after the injury. Further, the employee has the duty to file a written notice of his claim with the bureau. *Robertson v. Internatl. Harvester Co.* (1984), 21 Ohio App.3d 42, 21 OBR 45, 486 N.E.2d 163. Further, the tolling provisions, set forth in R.C. 4123.84(A)(3)(b), do not apply to the facts of this case. See *Bush v. Mayfield* (1986), 31 Ohio App.3d 38, 31 OBR 53, 508 N.E.2d 181.

Neither Isley's affidavit, nor that of Dr. Ritchey, overcome the evidence offered by the employer that an application for benefits was not made until November 1986. Dr. Ritchey states merely that "under Mr. Isley's instructions, the Company was billed * * *." And a letter from Dr. Ritchey, dated December 31, 1985, described "the Company: as Prudential Insurance Co., the non-occupational insurance carrier."

Isley's affidavit, taken at best, indicates that notice was given to the foreman of the employer. But does such oral notice meet the requirements of R.C. 4123.84? No. *Robertson, supra.* The courts have clearly held that the notice must be written. Thus, the oral notice to the foreman is not sufficient.

Since there were no material questions of fact remaining to be decided and the employer was entitled to summary judgment, the trial court did not err in granting same. The first assignment of error is overruled.

### Assignment of Error II

"The trial court erred in changing a motion to dismiss to a Rule 56 summary judgment motion on its own motion."

■ Here, both parties offered materials beyond the pleadings. When a trial court is confronted with evidentiary matters, in the form of affidavits, it may convert a Civ.R. 12(B) motion into one for a summary judgment under Civ.R. 56. The trial court gave the parties the requisite notice and its conversion was proper. The second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO and CHRISTLEY, JJ., concur.

JUDITH A. CHRISTLEY, J., of the Eleventh Appellate District, sitting by assignment.