**BRADY, Appellant,**

v.

**YORK INTERNATIONAL BORG WARNER et al., Appellees.**

[Cite as *Brady v. York Internatl. Borg Warner* (1989), 62 Ohio App.3d 739.]

Court of Appeals of Ohio,
Lorain County.

No. 88CA004445.

Decided May 10, 1989.

**740**

*Robert F. Voth,* for appellant.

*John P. Gallagher,* for appellees.

REECE, Judge.

This is an appeal from the denial of workers' compensation benefits. On August 28, 1981, plaintiff-appellant, James Brady, suffered an injury to his neck while working for a self-insured employer, defendant-appellee, York International Borg Warner ("York").

Brady was treated at Elyria Memorial Hospital for the injury to his neck. York was immediately made aware of the injury. The medical bills were paid through insurance policies provided by York.

On August 11, 1986, Brady filed a claim for benefits with the Ohio Bureau of Workers' Compensation. This claim was denied by the hearing officer for the reason that it was not timely filed. This denial was affirmed by the regional board of review and the Industrial Commission refused to hear the appeal. Brady then appealed to the common pleas court. Brady claimed that the appeal was timely and he should have received benefits.

York filed a motion for summary judgment asserting that the claim was not filed within the statute of limitations. The trial court granted summary judgment to York. Brady appeals.

### Assignments of Error

"I.  The trial court erred in granting defendant-appellant's [*sic*] motion for summary judgment because material issues of fact remain to be litigated concerning the statements and determinations made by the defendant company's nurse to the claimant regarding his injury.

"II.  The trial court erred in granting defendant-appellant's [*sic*] motion for summary judgment because Ohio Revised Code Sec. 4123.84 was tolled by

the payment by the defendant-appellant [*sic*] of insurance premiums and it was from this premium that the claimant's medical expenses were paid."

Brady contends that there was a genuine issue of material fact that remained to be litigated—whether he asked the company nurse to file an application for compensation and medical benefits with the Bureau of Workers' Compensation. However, such a claim is a tort claim against the employer and not a claim for workers' compensation. *Vandemark v. Southland Corp.* (1988), 38 Ohio St.3d 1, 525 N.E.2d 1374, syllabus. In *Vandemark*, the Ohio Supreme Court stated:

"A cause of action in tort may be stated where a self-insured employer fails to process a workers' compensation claim submitted to it by its employee and the employee is unable to personally file the claim because the statutory limitations period has expired. (*Greenwalt v. Goodyear Tire & Rubber Co.* [1955], 164 Ohio St. 1, 57 O.O. 57, 128 N.E.2d 116, paragraph two of the syllabus, overruled.)"

Therefore, whether or not the company nurse told Brady that she would file a claim is immaterial to this claim for workers' compensation benefits. R.C. 4123.84 provides that a claim for a work-related injury is barred two years after the injury. Moreover, the employee has the duty to see that written notice of his claim is filed with the bureau. *Greenwalt v. Goodyear Tire & Rubber Co.* (1955), 164 Ohio St. 1, 7, 57 O.O. 57, 60, 128 N.E.2d 116, 120; *Robertson v. Internatl. Harvester Co.* (1984), 21 Ohio App.3d 42, 45, 21 OBR 45, 47, 486 N.E.2d 163, 166.

Additionally, Brady contends that R.C. 4123.84(A)(3)(a) provides an exception to the running of the statute of limitations. Brady asserts that because York pays the insurance premiums on the non-occupational policy and the insurance company paid Brady's medical expenses, this indicates that York elected to pay Brady's medical expenses, thus falling within the exceptions of R.C. 4123.84(A). R.C. 4123.84(A) states in pertinent part:

"(3) In the event the employer has elected to pay compensation or benefits directly, one of the following has occurred:

"(a) Written notice of the specific part or parts of the body claimed to have been injured has been given to the commission or bureau, or the employer has furnished treatment by a licensed physician in the employ of an employer; providing, however, that the furnishing of such treatment shall not constitute a recognition of a claim as compensable, but shall do no more than satisfy the requirements of this section;

"(b) Compensation or benefits have been paid or furnished equal to or greater than is provided for in sections 4123.52, 4123.55 to 4123.62, and 4123.64 to 4123.67 of the Revised Code."

The payments were made pursuant to a non-occupational accident and insurance policy. Receipt of such non-occupational sickness and accident insurance payments does not constitute the payment of compensation or benefits within the contemplation of R.C. 4123.84(A)(3)(b). *Bush v. Mayfield* (1986), 31 Ohio App.3d 38, 39, 31 OBR 53, 54–55, 508 N.E.2d 181, 182–183. Accordingly, the two-year bar of R.C. 4123.84 is not tolled, and Brady's written notice of a claimed industrial injury almost five years after the date of the injury is untimely.

For the foregoing reasons, Brady's assignments of error are overruled and the judgment is affirmed.

*Judgment affirmed.*

CACIOPPO, P.J., and BAIRD, J., concur.