BISHOP, Appellant,

v.

MAYFIELD, Admr., et al., Appellees.

[Cite as *Bishop v. Mayfield* (1989), 65 Ohio App.3d 544.]

Court of Appeals of Ohio,
Fayette County.

No. CA89–05–009.

Decided Dec. 11, 1989.

*James C. Ayers,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *James A. Barnes,* for appellees Administrator and Industrial Commission.

*Hammond & Hammond* and *Robert L. Hammond,* for appellee Yeoman Radio & TV.

---

*Per Curiam.*

This is an appeal by plaintiff-appellant, Clinton R. Bishop, from a decision of the Fayette County Court of Common Pleas granting judgment on the pleadings to defendants-appellees, James L. Mayfield, Administrator of the Bureau of Workers' Compensation, the Industrial Commission of Ohio, and Yeoman Radio & TV.

On September 27, 1980, while Bishop was an employee of Yeoman Radio & TV, he suffered an accidental injury. He filed a claim for benefits with the Bureau of Workers' Compensation, which was allowed for "upper back and shoulders, thoracic strain." Subsequently, he filed a claim for benefits for "cervical strain." Following a hearing, the district hearing officer issued the following order:

"It is the finding of the District Hearing Officer that the claim has been previously allowed for: 'upper back and shoulders, thoracic strain.'

"The District Hearing Officer orders that the claim is *disallowed* for the condition of 'cervical strain.'

"The disallowance is based on the opinion of Dr. Blatnik and due to the fact that the body part was not mentioned within two years of the date of injury."

This order was affirmed by the regional board of review. The Industrial Commission refused an appeal.

On April 6, 1988, Bishop filed a complaint in the court of common pleas alleging that he was entitled to participate in the Workers' Compensation Fund for a "cervical strain." On November 7, 1988, he filed a motion for judgment on the pleadings on the single issue of the Industrial Commission's jurisdiction under R.C. 4123.84. The trial court found that the commission did not have jurisdiction and ·overruled Bishop's motion.

On February 13, 1989, appellees filed a motion to dismiss, arguing that the trial court lacked jurisdiction to consider Bishop's appeal because he had not filed a timely claim for the condition of cervical strain as required by R.C. 4123.84. On April 28, 1989, the trial court filed a judgment entry stating that

it was "without jurisdiction to grant the relief requested in the complaint" and granting judgment on the pleadings to appellees. This appeal followed.

Bishop presents two assignments of error for review as follows:

### Assignment of Error No. 1

"The trial court erred to the prejudice of plaintiff-appellant in overruling appellant's motion for judgment on the pleadings."

### Assignment of Error No. 2

"The trial court erred to the prejudice of plaintiff-appellant in granting judgment on the pleadings to defendants-appellees."

In both these assignments of error, Bishop argues that notice of a claim for "upper back and shoulder, thoracic strain" is sufficient to include the cervical area. Because these assignments of error involve the same argument, we will consider them together. We find them both to be well taken.

R.C. 4123.84 sets forth the time limitations for making claims against the Workers' Compensation Fund. It provides in part:

"(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) Written notice of the specific part or parts of the body claimed to have been injured have been made to the industrial commission or the bureau of workers' compensation[.]"

The notice requirement of R.C. 4123.84 is mandatory and jurisdictional. The obligation to file a written notice within the statutory period of limitations rests with the claimant. The failure to file a timely written notice bars the claim for benefits. *Robertson v. International Harvester Co.* (1984), 21 Ohio App.3d 42, 45, 21 OBR 45, 47, 486 N.E.2d 163, 166.

We believe that Bishop's initial notice stating that he had suffered injury to his upper back and shoulders and thoracic strain was sufficient to include cervical strain. In *Marsh v. Connor* (Oct. 22, 1981), Franklin App. No. 81AP-496, unreported, 1981 WL 3552, Marsh, the claimant, filed an initial application for benefits describing the nature of the injury and the specific body parts affected in these words: "Broken nose and Laceration requiring 8 stitches. (on nose) (Back pain)." This claim was made within the two-year period and it was recognized by the Bureau of Workers' Compensation as being allowed for "broken nose and laceration on nose[,] also injury to back."

Subsequently, Marsh filed a motion with the Industrial Commission that a claim also be recognized for a neck injury. This motion was dismissed on the basis that she had not given notice of her neck condition within two years of

the injury. The court of common pleas affirmed the decision of the commission. The Franklin County Court of Appeals reversed, stating:

"R.C. 4123.95 mandates that R.C. 4123.84 be liberally construed in favor of plaintiff. A strict construction would perhaps bar plaintiff's claim, since her application for benefits related an injury to her 'back' not to her 'neck.' But, by giving R.C. 4123.84 a liberal construction, we are compelled to conclude that the description given by plaintiff of her injury, and the characterization given that injury by the bureau, were broad enough to encompass an injury to the neck. In other words, notice that the specific part of the body injured is the 'back,' is sufficient to constitute notice of a claimed injury to the upper back, or neck (cervical spine)." *Id.* at 4–5.

"Cervical" is defined as "pertaining to the neck, or to the neck of any organ or structure." Dorland's Illustrated Medical Dictionary (25 Ed.1974) 292. If notice of "back pain" is sufficient to include the neck or cervical area, then "upper back" must also be sufficient notice, particularly where specific effort is made to distinguish the "thoracic" or middle back area.

Appellees rely upon *Ohio Bell Tel. Co. v. Johnson* (Oct. 28, 1980), Franklin App. No. 80AP–410, unreported, in which the Franklin County Court of Appeals held that a claim for a back injury described as a "thoracic sprain" and evidenced by pain in between the claimant's shoulder blades was not sufficient notice upon which the claimant could later ground a claim for low-back or lumbar disability. In *Marsh, supra,* the same court found *Ohio Bell* distinguishable, stating: "Obviously the part of the body described in the second claim was not included within the part of the body described in the first." *Marsh* at 4.

We also find *Ohio Bell* distinguishable. In general terms, "lumbar" describes the lower back, "thoracic" describes the middle back, and "cervical," the upper back and neck. See Dorland's, *supra,* at Plate XI. In *Ohio Bell,* the claim was specifically allowed for "thoracic pain," a term which, in and of itself, does not include the lumbar or lower back area. Likewise, it does not include the upper back or cervical area. In this case, a claim was specifically allowed for the upper back, a term which includes the cervical area.

We find that the reasoning of *Marsh, supra,* controls in this case. Bishop's claim was not barred by the two-year statute of limitations because the commission had notice of a cervical strain. Therefore, the commission had jurisdiction over Bishop's second claim for benefits and the trial court erred in granting judgment on the pleadings to appellees. Pursuant to Civ.R. 12(C), Bishop was entitled to judgment on the pleadings on the issue of the commission's jurisdiction. Accordingly, his two assignments of error are sustained.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed, and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

JONES, P.J., HENDRICKSON and KOEHLER, JJ., concur.