SIMOUDIS, Appellant,

v.

FORD MOTOR COMPANY et al., Appellees.

[Cite as *Simoudis v. Ford Motor Co.* (2001), 143 Ohio App.3d 125.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78112.

Decided April 26, 2001.

*Christina Simoudis* and *Antonios P. Tsarouhas*, for appellant.

*Timothy J. Krantz,* for appellee Ford Motor Company.

*Betty D. Montgomery,* Attorney General, and *Mark E. Mastrangelo,* Assistant Attorney General, for appellee Bureau of Workers' Compensation.

---

ANN DYKE, Judge.

Plaintiff John C. Simoudis ("Simoudis") appeals from the order of the trial court which entered judgment for defendant Ford Motor Co. ("Ford") in plaintiff's action for workers' compensation because it determined that plaintiff's claim was not timely. For the reasons set forth below, we affirm.

Plaintiff, a superintendent of quality control for Ford, asserted that on April 19, 1995, he tripped and fell at work and sustained back injuries. He applied for benefits with the Bureau of Workers' Compensation on November 12, 1998. The district hearing officer determined that the application was·untimely and rejected the claim for benefits. The claim was again denied by a staff hearing officer, and the Industrial Commission refused to hear a further appeal of the matter.

On July 20, 1999, plaintiff filed a complaint and notice of appeal to the court of common pleas. On January 31, 2000, Ford moved for summary judgment. In relevant part, Ford presented evidence that the written application for workers' compensation which plaintiff submitted to the bureau was untimely, that plaintiff did not seek treatment at work for the alleged fall, and that the day after the alleged fall, plaintiff was examined for a cyst on his lower back. Ford acknowledged that it received a report from plaintiff's physician, in November 1998, which indicated that plaintiff suffers from back pain as the result of the alleged 1995 fall. Ford asserted, however, that plaintiff filed written notice with the bureau well outside the two-year limit set forth in R.C. 4123.84, and that plaintiff's physician notified Ford of the fall in November 1998, well outside the limitations period set forth in R.C. 4123.84. Ford also presented evidence that it was not notified of the alleged fall in connection with the treatment plaintiff subsequently received and that it paid plaintiff's medical bills for other conditions, through a nonoccupational health insurance plan. Finally, Ford presented evidence that the tolling authorized within R.C. 4123.28 is inapplicable herein.

In opposition, plaintiff insisted that a coworker knew that he fell. He presented evidence that his physician notified Ford within the limitations period that plaintiff was disabled due to "radicular pains" and this adequately notified Ford of the claimed injury. He asserted that he received compensation from Ford for fall-related injuries, thereby meeting the requirements of R.C. 4123.84.

The trial court determined that there were no genuine issues of material fact and that plaintiff's claim was not timely pursuant to R.C. 4123.84. The trial court therefore granted summary judgment to Ford. Plaintiff now appeals and assigns four errors for our review. For the sake of convenience, we shall address them out of their predesignated order.

Plaintiff's second and third assignments of error are interrelated and state:

"Assuming the trial court did consider the tolling issues, * * * the grant of summary judgment in favor of Ford Motor Company was [improper] in that the trial court to decide in favor of the defendant would have had to weigh the credibility of the witnesses as there existed issues of credibility if witnesses on the issue of the tolling of the statute of limitations and * * * the weighing of the credibility in this instance was in the province of a jury, not the court.

"Assuming the trial court did consider the three tolling issues, * * * the trial court acted improperly in the granting of summary judgment where there existed several issues of material fact that were not properly resolved in favor of the non-moving party and where conflicting evidence was not resolved in favor of Simoudis/appellant and where underlying inferences were not resolved in favor of Simoudis/appellant, pursuant to Civ.R. 56, 56(C), 56(G), case law and O.R.C. 4123.95, and therefore * * * Ford Motor Company was [not] entitled to judgment as a matter of law."

Within these assignments of error, plaintiff complains that the trial court erred in determining that plaintiff failed to provide Ford with timely notice of his injury and in granting summary judgment to Ford. Specifically, plaintiff complains that there are genuine issues of material fact as to whether Ford had actual notice of the injury, whether Ford authorized injury benefits for plaintiff, and whether Ford failed to meet its duty of reporting plaintiff's "seven days or more of total disability" to the bureau, thereby tolling the running of the statute of limitations pursuant to R.C. 4123.28.

Pursuant to Civ.R. 56, summary judgment may be granted only after the trial court determines that (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing that evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 273–274.

■ With regard to the substantive law relative to this matter, we note that the obligation to file a written notice of injury rests solely with the claimant and the failure to provide proper notice results in a bar to any claim for workers' compensation benefits. *Robertson v. Internatl. Harvester Co.* (1984), 21 Ohio App.3d 42, 45–46, 21 OBR 45, 47–49, 486 N.E.2d 163, 166–167. R.C. 4123.84 sets forth the limitations period for claims for compensation or benefits for a work-induced injury and provides as to self-insured employers as follows:

"(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"* * *

"(3) In the event the employer is a self-insuring employer, one of the following has occurred:

"(a) Written notice of the specific part or parts of the body claimed to have been injured has been given to the commission or bureau or the employer has

furnished treatment by a licensed physician in the employ of an employer, provided, however, that the furnishing of such treatment shall not constitute a recognition of a claim as compensable, but shall do no more than satisfy the requirements of this section;

"(b) Compensation or benefits have been paid or furnished equal to or greater than is provided for in sections 4123.52, 4123.55 to 4123.62, and 4123.64 to 4123.67 of the Revised Code."

In *Hull v. Mayfield* (1990), 70 Ohio App.3d 453, 456, 591 N.E.2d 377, 378–379, the court explained R.C. 4123.84(A)(3)(b) as follows:

"Payment of compensation or benefits by a self-insured employer constitutes a potential claim against the employer's coverage. Therefore, it is notice of a possible claim and results in a waiver of the statute of limitations."

In this instance, it is undisputed that plaintiff's written notice to the bureau occurred over two years after the date of the alleged fall and therefore did not satisfy the requirements of R.C. 4123.84(A)(3)(a).

■ As to whether plaintiff's medical treatment served to notify Ford of the alleged workplace injury, it is undisputed that he did not receive medical treatment at work following the alleged incident, and the medical report which first notified Ford of the injury was not prepared until November 1998. Moreover, the evidence demonstrated that plaintiff received sickness and accident benefits through a nonoccupational insurance benefits policy; he therefore did not meet the requirements of R.C. 4123.84(A)(3)(b). Cf. *Brady v. York Internatl. Borg Warner* (1989), 62 Ohio App.3d 739, 742, 577 N.E.2d 435, 437, citing *Bush v. Mayfield* (1986), 31 Ohio App.3d 38, 39, 31 OBR 53, 54–55, 508 N.E.2d 181, 182–183.

■ Further, as to plaintiff's reliance upon the requirements of R.C. 4123.28 for tolling in this instance, we note that this provision provides in relevant part as follows:

"Every employer in this state shall keep a record of all injuries and occupational diseases, fatal or otherwise, received or contracted by his employees in the course of their employment and *resulting* in seven days or more of total disability. Within a week after acquiring knowledge of an injury or death therefrom, and in the event of occupational disease or death therefrom, within one week after acquiring knowledge of or diagnosis of or death from an occupational disease or of a report to the employer of the occupational disease or death, a report thereof shall be made in writing to the bureau of workers' compensation upon blanks to be procured from the bureau for that purpose. * * *

"* * *

"Each day that an employer fails to file a report required by this section constitutes an additional day within the time period given to a claimant by the applicable statute of limitations for the filing of a claim based on the injury or occupational disease, provided that a failure to file a report shall not extend the applicable statute of limitations for more than two additional years." (Emphasis added.)

Here, plaintiff did not accrue a total of seven days of total disability until weeks after the alleged fall, and the records of those days of disability cite angina and, cryptically, "radicular pains." These records do not refer to a fall at work, but, rather, refer to other ailments. In short, although plaintiff did ultimately accrue seven days of disability, nothing associated with this accrued seven days of disability was indicative that the disability was the result of a work injury or served to inform the employer that plaintiff had sustained an injury at work. The tolling authorized by R.C. 4123.28 is therefore simply inapplicable herein. Cf. *Wall v. Trimble* (1996), 116 Ohio App.3d 79, 83, 686 N.E.2d 1152, 1155; *Lahoud v. Ford Motor Co.* (1993), 91 Ohio App.3d 149, 152, 631 N.E.2d 1114, 1116–1117.

Plaintiff's second and third assignments of error are without merit.

Plaintiff's first assignment of error states:

"The trial court committed error where it failed to address, resolve or consider in any manner the summary judgment of appellant/Simoudis, and specifically the precise issues that were the subject of the appeal to wit: the issue of the tolling of the statute of limitations under O.R.C. 4123.28, 4123.84(A)(2), and 4123.84(A)(3)(b)."

Within this assignment of error, Simoudis complains that the trial court erred in refusing to consider his motion for summary judgment. This claim is without merit.

■  As an initial matter, we note that where a trial court does not rule upon a motion, the motion is denied by implication. See *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 169, 561 N.E.2d 1001, 1004; *Solon v. Solon Baptist Temple, Inc.* (1982), 8 Ohio App.3d 347, 351–352, 8 OBR 458, 462–464, 457 N.E.2d 858, 863–864.

■  Further, in evaluating the correctness of the trial court's award of summary judgment, this court must employ a de novo review. *Jones v. Shelly Co.* (1995), 106 Ohio App.3d 440, 445, 666 N.E.2d 316, 319–320.

In this instance, as we noted previously, we have undertaken a *de novo* review and have determined that plaintiff did not provide timely notice of the injury

pursuant to the requirements of R.C. 4123.84. Because plaintiff's claim was untimely, it was not compensable and the trial court did not commit prejudicial error in failing to award him summary judgment herein.

This assignment of error is without merit.

Plaintiff's fourth assignment of error states:

"The trial court erred in striking portions of Simoudis' affidavit and other exhibits, without basis in law or fact, where such affidavits were, in fact, based on personal knowledge, not found in bad faith and where the authenticity of said phone bill was waived at the Industrial Commission level, and whether the striking of said evidence constitutes prejudicial error such that Ford Motor Company would not be entitled to summary judgment as a matter of law."

Within this assignment of error, plaintiff asserts that the trial court committed prejudicial error in striking portions of his affidavit and other exhibits.

Civ.R. 56(E) states:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."

Evid.R. 402 provides that all relevant evidence is admissible, provided that it is not otherwise in conflict with applicable constitutional and statutory provisions, or other rules of evidence. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

In this instance, the trial court determined that the affidavit excerpts contained matters of which the affiant did not have personal knowledge. We concur with this evaluation, as plaintiff averred that his physician notified Ford of his injury in 1996 and Lambis averred that a Ford manager was aware of plaintiff's fall. This proffered evidence was therefore properly stricken. See *Johnson v. Morris* (1995), 108 Ohio App.3d 343, 348, 670 N.E.2d 1023, 1026.

As to the proffered telephone records, we note that R.C. 4123.84 is not met where the claimant simply tells his foreman. Accordingly, the telephone records and Lambis's averment were simply not relevant, Evid.R. 402, and were therefore inadmissible for that reason as well, Evid.R. 403.

This assignment of error is without merit.

*Judgment affirmed.*

MICHAEL J. CORRIGAN, P.J., and O'DONNELL, J., concur.