OPINION
{¶ 1} The plaintiff/appellant, John Zestos, appeals the judgment of the Common Pleas Court of Defiance County, Ohio, granting summary judgment in favor of the defendant/appellee, Powertrain Division, General Motors Corporation.
 {¶ 2} This appeal arises from a worker's compensation claim filed by Zestos against Powertrain. In August of 1976, Zestos was injured while working at a General Motors plant in Saginaw, Michigan. Among other injuries, Zestos sustained a broken elbow and deformed bones in his right arm. Thereafter, he was medically restricted from performing jobs that required the use of his right arm.
 {¶ 3} Zestos transferred to the Powertrain plant in Defiance, Ohio, in 1987. Initially, he worked on the "Sonic Tester" job, which required him to use only his left arm. However, in late 1989 or early 1990, Zestos was relocated to the "Steering Knuckle" job. This job required more strength and, thus, the use of both arms. Zestos began experiencing pain in his right arm almost immediately after beginning this new job. Eventually, he sought medical treatment for this pain and requested to be placed in a position that would not cause pain to his right arm. Despite his requests, Powertrain continued to require him to work this same job, which he did until 1992. On February 26, 1993, Zestos had surgery on his right arm. After several attempts to return to work after the surgery, Zestos left Powertrain's employment in November 1993.
 {¶ 4} Zestos filed a claim application for worker's compensation on July 27, 1994. The claim alleged that he injured his right arm and elbow in the course of and arising from his employment with Powertrain. The claim was disallowed on January 11, 1995. His appeal was denied by a staff hearing officer on March 9, 1995, and by a commission order dated April 12, 1995. Pursuant to Revised Code section 4123.512, a notice of appeal to the trial court was filed on June 30, 1995. Powertrain filed a motion for summary judgment, asserting a statute of limitations violation, but prior to its disposition, Zestos filed a voluntary motion to dismiss, reserving the right to re-file within two years.
 {¶ 5} Zestos filed his case for the second time on September 22, 1998. Powertrain once again filed for summary judgment on statute of limitations grounds. On September 26, 2000, the trial court granted this motion in favor of Powertrain. This appeal followed, and Zestos now asserts two assignments of error.
 {¶ 6} "The court of common pleas committed reversible error in ruling that Plaintiff Zestos was barred in the assertion of his claim by reason of the statute of limitations, although, Plaintiff Zestos was treated by G.M. Doctor Kane within 6 months of the start of his pain, `and certainly within the time less than one year', under ORC 4123.84; 2. G.M. waived the statute of limitations by not claiming nor pleading nor arguing the same before the industrial commission when the minds and memories of all concerned were sharper; and 3. Mr. Zestos' time for filing a claim did not occur nor arise until the injury caused him not to be able to work on his job under, ORC 4123.28; and 4. Under the "Village" case, each day of repetitive injury, causes new injury, which is compensable."
 {¶ 7} "The trial court committed error in denying Plaintiff's Motion to Compel Discovery; and Memo and Affid's Opposing GM Motion for Summary Judgment, and for Fees; and Oral Hearing Thereon, filed December 9, 1999, which denied Plaintiff's inspection of the G.M. file on Plaintiff for labor relation, benefits, and suggestion awards — each thru denying Plaintiff material evidences, which would have evidenced G.M.'s knowledge of and dates of Plaintiff's injuries."
 First Assignment of Error {¶ 8} The standard for review of a grant of summary judgment is one of de novo review. Lorain Nat'l Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Thus, such a grant will be affirmed only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, "summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor." Id.
 {¶ 9} The moving party may make his motion for summary judgment in his favor "with or without supporting affidavits[.]" Civ.R. 56(B). However, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, syllabus. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmovant. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 360. Once the moving party demonstrates that he is entitled to summary judgment, the burden then shifts to the non-moving party to show why summary judgment in favor of the moving party should not be had. See Civ.R. 56(E). In fact, "[i]f he does not so respond, summary judgment, if appropriate, shall be entered against him." Id.
 {¶ 10} Initially, we note that Zestos maintains that Powertrain should be barred from raising the statute of limitations defense because it failed to assert it during the industrial commission proceedings. While he is correct in his assertion that a party's failure to raise an affirmative defense, like statute of limitations, in accordance with applicable Rules of Civil Procedure waives the party's right to subsequently raise the defense, Mills v. Whitehouse Trucking Co. (1974),40 Ohio St.2d 55, syllabus, this Court has been presented with no record of the filings before the industrial commission. Therefore, Zestos has no support for his assertion. In fact, the only relevant evidence in the record is Powertrain's answer, in which the statute of limitations defense is properly raised. Thus, we cannot sustain Zestos' assignment of error based upon this argument but must now consider his other arguments in support of reversal.
 {¶ 11} Ohio Administrative Code section 4122-3-09(C)(3) establishes the procedures for processing workers' compensation claims in Ohio. With regards to the burden of proof, the section mandates: "The burden of proof is upon the claimant (applicant for workers' compensation benefits) to establish each essential element of the claim by preponderance of the evidence. Essential elements shall include, but will not be limited to: * * * (b) That the application was filed within the time as required by law[.]" Ohio Admin. Code 4123-3-09(C)(3). Thus, the claimant has the duty to demonstrate by a preponderance of the evidence that his claim was timely filed.
 {¶ 12} The statute of limitations for filing a workers' compensation claim in Ohio is found in R.C. 4123.84, which reads in relevant part: "(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after injury or death: * * * (3) In the event the employer is self-insuring employer, one of the following has occurred: (a) * * * the employer has furnished treatment by a licensed physician in the employ of the employer, provided, however, that the furnishing of such treatment shall not constitute a recognition of a claim as compensable, but shall do no more than satisfy the requirements of this section." Thus, this section bars claims for work-related injuries where notice of the injury is not provided to the commission or bureau within two years after the injury occurred, Isley v. Mayfield (1988), 61 Ohio App.3d 619, 622, unless an employer provided medical doctor has treated the employee for the relevant injury.
 {¶ 13} In his deposition, Zestos testified that he experienced pain in his right arm almost immediately after beginning the steering knuckle job. Thus, Powertrain maintains that his injury occurred at that point, in later 1989 or early 1990. According to Powertrain, this would bar Zestos' from recovering because he did not file a workers' compensation claim until 1994. However, Zestos contends that his injury did not occur at the moment that he felt pain in his arm but developed over time as he continued to work the steering knuckle job. He further asserts that the statute of limitations was satisfied because he sought treatment from Dr. Kane, a licensed physician under the employ of Powertrain, within the statutory time period.
 {¶ 14} Powertrain does not dispute the fact that Zestos sought treatment from its physician, but rather, that the only documented evidence before this Court shows that he did not do so until June 8, 1992, which was not until more than two years after late 1989 or early 1990. In response to this, Zestos contends that he was treated by Dr. Kane prior to June 8, 1992, as sworn in his affidavit wherein he states that he sought treatment from Dr. Kane approximately six months to no more than one year after beginning the steering knuckle job. Contrary to Zestos' contention, Powertrain maintains that he must affirmatively demonstrate that he filed his claim within the requisite time period in order to avoid summary judgment by providing evidence other than his self-serving affidavit that he sought treatment from Dr. Kane within two years of being injured.
 {¶ 15} Powertrain is incorrect in its assertion. Although the Ohio Administrative Code states that the claimant must show by a preponderance of the evidence that his claim is timely, at the summary judgment stage the moving party bears the initial burden of demonstrating that no genuine issue of material fact exists "concerning an essential element of the opponent's case." Dresher v. Burt (1996),75 Ohio St.3d 280, 292. Only after the moving party has satisfied its burden must the non-movant set forth specific facts showing that there is a genuine issue for trial. Id. at 293.
 {¶ 16} The Ohio Supreme Court has stated that "[a]n injury which develops gradually over time as the result of the performance of the injured worker's job-related duties is compensable under R.C. 4123.01(C)."Village v. General Motors Corp. (1984), 15 Ohio St.3d 129, syllabus. Thus, it follows that an injury may not necessarily occur until repeated exposure to that which caused the harm. In the case sub judice, Powertrain has failed to demonstrate that there is no genuine issue of material fact as to whether the injury to Zestos conclusively occurred the moment that he felt pain in his arm and that he did not seek treatment from Dr. Kane within the statutory time frame. In addition, Zestos has presented sufficient evidence through his deposition and the submitted medical records, including what appears to be a medical chart maintained by Powertrain, which contains a notation relating to the condition of Zestos' arm in reference to an "RSLA" from April 1992, to indicate that his claim may have arisen between the onset of the pain and Dr. Kane's treatment of him. While the exact interpretation of the medical chart notation is unknown, it would seem to support Zestos' version of the events. Thus, construing the facts in a light most favorable to the non-moving party, summary judgment was improperly granted in this case as genuine issues of material fact exist regarding when the injury occurred and whether Zestos was treated by Powertrain's physician within the statutory time period. Therefore, this assignment of error is sustained.
 Second Assignment of Error {¶ 17} Zestos next contends that the trial court erred by denying his motion to compel discovery. He maintains that the requested discovery would have afforded him an opportunity to examine certain documents containing evidence regarding Powertrain's knowledge of his injury and of the date on which the injury occurred.
 {¶ 18} The Rules of Civil Procedure provide liberal discovery provisions. Pursuant to Civ.R. 26(B)(1), the scope of discovery includes "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Notwithstanding this wide scope of permissible discovery, trial courts are given broad discretion in the management of discovery.State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, 57. Thus, an appellate court reviews discovery issues pursuant to an abuse-of-discretion standard. Hence, the decision of a trial court regarding discovery will not be disturbed unless such decision is unreasonable, arbitrary, or capricious. See Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 19} Zestos made a request for the production of documents to Powertrain, which read: "request for production, and inspection, of documents, at defendants GM Powertrain's premises, Defiance, Ohio, with the right to make copies therof[.]" The following documents were listed for production: medical records relating to Zestos, Zestos' personnel file, including all grievances, all documents regarding Zestos' attendance, all information regarding company improvement suggestions, including possible rewards given, and all records relating to Zestos' job assignments while employed at the Defiance plant. The inspection of these documents was to occur on November 11, 1999. However, Zestos asserts that he was not provided with all the requested documents on that date, which prompted him to file a motion to compel discovery.
 {¶ 20} In his motion to compel, Zestos requested discovery of "all records in the `Benefits,' `Labor Relations,' and `Suggestion Awards,' Departments * * *, the `Preference Slips' in Labor Relations, showing that Mr. Zestos wanted a job like the Sonic Testers job which he could do with just his left hand."
 {¶ 21} The trial court's judgment entry denying this motion provides no explanation for its ruling. Thus, we examine the possible reasons for such a denial. Zestos contends that the requested information would have provided evidence of Powertrain's knowledge of his injury and of the date on which the injury occurred. In response, Powertrain argues that the information requested was for documents at its Defiance plant but that records as to sickness and accident benefits are kept at its facility in Southfield, Michigan. Powertrain further asserts that the requested "labor relations" records and the like are irrelevant to Zestos' workers' compensation claim.
 {¶ 22} Much of the information requested under the heading "labor relations" is not related to the workers' compensation claim, but rather, it is aimed at showing that Zestos' initial transfer to the steering knuckle job was retaliatory. Thus, these type of records would not be relevant to Zestos' workers' compensation claim, and the trial court did not abuse its discretion in refusing to compel these documents.
 {¶ 23} We disagree with Powertrain's argument regarding the "benefits" records, however. The language used by Zestos in his request for documents reads that the documents be available for inspection at its Defiance plant, not for only the documents kept in the Defiance plant. Where the documents were maintained does not appear to be relevant to the request. Moreover, documents regarding medical benefits, doctor's visits, transfer requests made subsequent to being placed on the steering knuckle job, medical leave, and other similar items are all relevant to a workers' compensation claim. This is especially true of any documents that would reflect the exact dates of when Zestos received treatment from Dr. Kane and that could possibly demonstrate when Zestos' injury occurred. Thus, we cannot find any reason for the court to have denied the motion to compel as it relates to these documents nor has the trial court provided any. Therefore, this assignment of error is sustained as to these documents but overruled as to the "labor relations" documents.
 {¶ 24} For these reasons, the judgment of the Court of Common Pleas of Defiance County, Ohio is affirmed in part and reversed in part and the matter is remanded to that court for further disposition in accordance with this opinion.
Judgment affirmed in part, reversed in part and cause remanded.
 BRYANT, J., concurs.
 HADLEY, J., dissents.